OF THE

# TERRITORY OF ARIZONA

DURING THE YEAR 1911.

[Civil No. 1110. Filed January 14, 1911.]

[112 Pac. 845.]

GILA VALLEY, GLOBE AND NORTHERN RAILWAY COMPANY, Defendant and Appellant, v. JOHN HALL, Plaintiff and Appellee.

1. MASTER AND SERVANT—INJURIES—ACTIONS—JURY QUESTIONS—ASSUMPTION OF RISK.—In an action against a railroad company for injuries to a chainman by the velocipede on which he was riding jumping the track, claimed to have been caused by a defective wheel, whether the defects in the wheel were plainly observable, so that plaintiff assumed the risk, *held* a question for the jury.

2. SAME—ASSUMPTION OF RISK—OBVIOUS OR LATENT DEFECTS.—An employee does not assume the risk of injury from defects in appliances which he could have discovered by the exercise of ordinary care, but only assumes the risk from defects which were known to him or plainly observable.

3. SAME—INJURIES TO SERVANT—KNOWLEDGE OF DANGER—EVIDENCE.—In a railroad employee's action for injuries claimed to have been caused by a defect in a velocipede wheel, causing it to jump the track, evidence of a statement as to the condition of the wheel, made a short time before the accident by the operator of the velocipede, was properly excluded, where it was not shown with reasonable certainty that plaintiff heard such remark, though plaintiff and the speaker were near each other when the remark was made.

4. NEW TRIAL—GROUNDS—EXCESSIVE DAMAGES—REMISSION—POWER OF COURT.—Where there have been no reversible errors of law, and it appears that an excessive verdict for plaintiff in a personal injury action resulted from too liberal views held by the jury as to the damages sustained, rather than from prejudice or passion, the court may remit such part of the verdict as it deems excessive instead of granting a new trial, but where it appears that the verdict resulted from prejudice or passion, a new trial should be granted.

(270)

5. Appeal and Error—Discretion of Trial Court—Court's Reducing
Verdict.—Unless it clearly appears from the court record that an
excessive verdict in a personal injury action resulted from prejudice
or passion, rather than an undue liberality exercised by the jury
in awarding damages, the trial court's action in remitting a part
of the verdict instead of granting a new trial will not be disturbed.

APPEAL from a judgment of the District Court of the
Fifth Judicial District, in and for Gila County.    Frederick
S. Nave, Judge.    Affirmed.

The facts are stated in the opinion.

Eugene S. Ives and S. L. Pattee, for Appellant.

The court should have instructed the jury to return a ver-
dict for the defendant.    If the evidence is such that a verdict
for the plaintiff ought not to be permitted to stand, it is the
duty of the court to direct a verdict for the defendant.    *Root*
v. *Fay,* 5 Ariz. 19, 43 Pac. 527; *Randall* v. *Railroad Co.,* 109
U. S. 478, 3 Sup. Ct. 322, 27. L. Ed. 1003; *Richardson* v.
*Powers,* 11 Ariz. 31, 89 Pac. 542.    Where the facts proved
are equally consistent with the absence of negligence as with
its existence, the question should not be submitted to the jury.
*McFadden* v. *Campbell,* 13 Misc. Rep. 158, 34 N. Y. Supp.
136; *Baulec* v. *Railroad Co.,* 59 N. Y. 356, 17 Am. Rep. 325.
Where the servant knows, or in the exercise of reasonable and
ordinary care should know, the risks to which he is exposed,
he will as a rule be held to have assumed them.    "A servant
assumes not only such risks, as, from the nature of the busi-
ness as ordinarily conducted, he must have known, but also
those which the exercise of his opportunities for inspection
would have disclosed to him."    26 Cyc. 1196, 1204, and cases
cited in note 17; *Thomas* v. *Missouri Pacific Ry. Co.,* 109 Mo.
187, 18 S. W. 980; *Larson* v. *St. P. M. & M. R. Co.,* 43 Minn.
423, 45 N. W. 722.    An excessive verdict may not be cured
by a remitter required by the court as a condition of refusing
a new trial, in cases where the amount of damages cannot be
measured by any fixed standard or determined with certainty.
*Southern Pacific Co.* v. *Fitchett,* 9 Ariz. 128, 80 Pac. 359;
*Nunnally* v. *Taliaferro,* 82 Tex. 286, 18 S. W. 149.

A. C. Baker and Stoneman & Jacobs, for Appellee.

The appellee did not assume the risk. He could not assume the risk unless he had knowledge of the defect, or it was plainly observable to him. The true test is not in the exercise of ordinary care to discover danger, but whether the defect is known or fairly observable to the employee. *Choctaw, O. & G. R. Co.* v. *McDade,* 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96; *Texas & P. R. Co.* v. *Archibald,* 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188. The practice adopted by all the courts of the United States, with practically no exception, sustain the power to remit in actions of this kind where the verdict is excessive, and this power extends to actions of tort as well as on contracts. 2 Sedgwick on Damages, 7th ed., 654; *Bank of Kentucky* v. *Ashley,* 2 Pet. (U. S.) 327, 7 L. Ed. 440; *Kennon* v. *Gilmer,* 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110. "Any party may remit any part of such verdict or judgment." Rev. Stats. Ariz. 1901, sec. 1450. "A remitter or correction made as provided in any of the preceding sections shall, from the making thereof, cure any error in the verdict or judgment by reason of such excess." Rev. Stats. Arizona, sec. 1455. "Under these statutes, as at common law, the court, upon the hearing of a motion for a new trial, may, in the exercise of its judicial discretion, either absolutely deny the motion or grant a new trial generally, or it may order that a new trial be had unless the plaintiff elects to remit a part of the verdict." *Kennon* v. *Gilmer,* 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110; *Northern Pac. Co.* v. *Herbert,* 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755; *Cleveland R. Co.* v. *Beckett,* 11 Ind. App. 547, 39 N. E. 429; *Southern Pacific Co.* v. *Tomlinson,* 4 Ariz. 126, 33 Pac. 710.

CAMPBELL, J.—Appellee was in the employ of appellant as chainman. On April 23, 1907, he was engaged with another employee, named Ryan, in measuring distances, locating mile-posts on appellant's line of railway. For that purpose they used a three-wheeled velocipede furnished by appellant. This velocipede was of the kind ordinarily used in work of this character, with a gasoline engine for motive power. It had two wheels on the right-hand side, over which was the engine, and a seat for the use of the operator, and a

seat in front for another person.  The third wheel was a small wheel on the left-hand side, nearly opposite the front wheel on the right-hand side, and fastened to the machine by a bar extending across the track.  On the day mentioned, Hall and Ryan were upon this velocipede on plaintiff's line of railway, Ryan operating the machine and Hall sitting in front.  While the velocipede was going at a speed of from eight to twelve miles an hour, it suddenly left the track, going to the left, the side on which was situated the one small wheel.  Hall was thrown in front of it and run over, sustaining severe injuries.  This action was brought against the railroad company to recover damages for the injuries so received, it being alleged that the flange on the third or small wheel was worn and cracked, and that by reason of such condition the machine left the track, and that the company was negligent in furnishing such velocipede.  Appellant answered, denying the negligence alleged, pleading contributory negligence, and that Hall knew or might have known the condition of the velocipede and assumed the risk of the injuries resulting from the alleged defect.  The jury returned a verdict for $10,000.  A motion for a new trial was made, and prior to its determination Hall voluntarily remitted $5,000 from the amount of the verdict.  Thereafter, the court denied the motion for a new trial and entered judgment in favor of the plaintiff for $5,000 and costs.  From this judgment and from the order denying the motion for new trial, the railway company appeals.

We shall consider the assignments of error in the order in which they are argued by counsel.  It is first insisted that the court should have directed a verdict at the close of the plaintiff's case, for the reason, as contended, that the testimony showed that at the time the velocipede left the track it was going north around a right-hand curve, and therefore, as stated by counsel, "would be impelled by centrifugal force toward the outer rail, and the two wheels on the right-hand side would be held against the rail on that side, and the flange on the left-hand or third wheel impelled away from the rail.  The application of this natural law would result in the constant tendency on the part of the machine to keep straight ahead, and thus the flange on the left-hand side would be kept away from the rail, and its condition would have no

XIII Ariz.—18

effect while going around such a curve, and thus the condition of the flange could have no effect.'' The testimony shows that the wheel in question was badly worn and gouged, and there is expert testimony to the effect that the tendency of a wheel in such condition is to mount the rail. It is true that the plaintiff testified that the accident occurred on the curve. However, in another portion of his testimony, he states that at the time of the accident the car was just going off the curve on a tangent. The testimony of Ryan, the operator of the car, who later visited and observed the scene of the accident, is: ''At the point where the gasoline car left the track, the situation of the road with reference to being curved or tangent was just coming off a curve, a right-hand curve, and going on a tangent. The car was just going off a right-hand curve when the accident occurred.'' It is argued by counsel for appellee, with much show of reason and supported by testimony of expert witnesses, that in leaving the curve the car was thrown against the left-hand rail, and that the flange of the small wheel, because of its defects, failed to perform its functions. A careful consideration of the whole record convinces us that the jury was warranted in finding that the accident resulted from the defective wheel.

It is further insisted that the court erred in not directing a verdict for the defendant, for the reason that the evidence showed that the defects of the wheel were plainly observable, and the danger easily appreciated, and that therefore the plaintiff assumed the risk. It is true that the defects should have been discerned by anyone whose duty it was to inspect wheels, but Hall was not an inspector, nor did he have anything to do with the operation of the car. His only connection with it was to ride upon it from place to place, in locating mile-posts. Nor does it seem possible to say, as a matter of law, that he should have appreciated the danger had he known the condition of the wheel. He had but little experience with machines of that character. It does not appear that he had ever used any other track velocipede, and it does appear that he had been employed on the one in question but about fourteen hours at the time of the accident. One without experience in such matters might observe that the wheel was worn and yet not appreciate that it was in such condition as to be dangerous. In fact, the record in this case dis-

closes a wide difference of opinion among those who qualified as experts, as to whether or not an accident was likely to result from a wheel in the condition in which this one was shown to have been. The court did not err in permitting the case to go to the jury.

Appellant contends that the court in its instructions erred in stating the rule of assumption of risk by an employee, in that it limited the defects, the risk of injury from which the plaintiff assumed, to those which he actually knew or those which were plainly observable to him, and insists that an employee also assumes the risk of those he might or ought to have known through ordinary care. There are authorities which support this contention, but the question is determined to the contrary by our appellate court. "Upon this question the true test is not in the exercise of care to discover dangers, but whether the defect is known or plainly observable by the employee." *Choctaw etc. R. R. Co.* v. *McDade,* 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96.

The refusal of the court to permit Ryan, the operator of the car, to testify to a remark made concerning the condition of the wheel, a short time before the accident, is assigned as error. Hall, Ryan, and one Regna were in the neighborhood of the velocipede when Regna commented upon this alleged defect. Ryan was unable to state that Hall took any part in the conversation, could not state how far he was from Regna at the time, and there is nothing in the record to indicate with any reasonable certainty that he heard the remark. Therefore the testimony was properly excluded.

The remaining important question in the case is whether the court erred in rendering judgment for the amount of the verdict less the sum remitted by the appellee. It is insisted by appellant that the court should have granted a new trial for the reason that it is beyond the power of a court to permit a *remittitur* where the damages are unliquidated and the verdict excessive. The question has heretofore been before this court in two cases. *Southern Pacific Co.* v. *Tomlinson,* 4 Ariz. 126, 33 Pac. 710, was an action to recover damages for death by wrongful act, under a statute permitting the jury "to give such damages as they may think proportioned to the injuries resulting from said death." A verdict for $50,000 was returned, from which the plaintiff remitted $31,998, and judg-

ment was entered for the remainder. The power of the trial court to permit the *remittitur* was questioned, but it was held: "A trial court has the power, where excessive damages have been allowed by the jury, and where the motion to set aside the verdict is based upon this ground, to make a remission a condition precedent to overruling the motion. The exercise of this power rests in the sound discretion of the court. This doctrine is affirmed in the case of *Cattle Co.* v. *Mann,* 130 U. S. 74, 9 Sup. Ct. 458, 32 L. Ed. 854; also in *Railroad Co.* v. *Herbert,* 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755. Of course, if it is apparent to the trial court that the verdict was the result of passion or prejudice, a *remittitur* should not be allowed, but the verdict should be set aside. In passing upon this question, the court should not look alone to the amount of damages awarded, but to the whole case, to determine the existence of passion or prejudice, and to determine how far such passion or prejudice may have operated in influencing the finding of any verdict against the defendant. When the circumstances, as they may appear to the trial court, indicate that the jury deliberately disregarded the instructions of the court, or the facts of the case, a *remittitur* should not be allowed, but a new trial should be granted. If they do not so indicate, and the plaintiff voluntarily remits so much of the damages as may appear to be excessive, the court, in its discretion, may allow the remission and enter judgment accordingly." In *Southern Pacific Co.* v. *Fitchett,* 9 Ariz. 128, 80 Pac. 359, the verdict was for $1,000 for "injuries to feelings," from which the plaintiff, upon the suggestion of the trial court, remitted $600. This court held that it was apparent that the jury was influenced by passion or prejudice, and that therefore a new trial should have been granted. We further sought to distinguish the facts in that case from the Tomlinson case, suggesting that in the latter the damages were susceptible of accurate computation from the evidence. We are not now prepared to adhere to the views so expressed. Both are cases of unliquidated damages. In the one case no less than the other, the jury's verdict represents the damages "proportioned to the injuries resulting" in the opinion of the jury, based upon evidence that affords no basis for exact computation. If there is a difference, it is one of degree rather than one of kind. There is authority for

the position that in no case of unliquidated damages should the court permit a remission where the verdict is excessive, without the consent of the defendant, but as we now view it, the great weight of authority supports the practice. *Northern Pacific R. R. Co.* v. *Herbert,* 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755; *Arkansas Cattle Co.* v. *Mann,* 130 U. S. 69, 9 Sup. Ct. 458, 32 L. Ed. 854; *Kennon* v. *Gilmer,* 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110; 29 Cyc. 1022, 1023, and cases cited.

It is argued that to permit a *remittitur,* or to require it as a condition of refusing a new trial, is to substitute the court's judgment for that of a jury, to the latter of which the defendant is entitled. But it is to the jury's judgment that defendants object when they appeal to the court for new trials on the ground of excessive verdicts. The trial court has undoubted power to determine whether the verdict is or is not excessive, and in considering the question usually determines in its own mind the maximum amount for which a verdict could with propriety be permitted to stand. Where there has been no error of law committed which would require a retrial, and it appears that the excessive verdict has resulted from too liberal views as to the damages sustained, rather than from prejudice or passion, to permit a remission of the excess. instead of putting the parties to the expense of a new trial, promotes justice and puts an end to the litigation. Of course, if it appears that the verdict is tainted by prejudice or passion, and does not represent the dispassionate judgment of the jury upon the question of the right of the plaintiff to recover, a new trial should be granted. But we think that the trial court is in a better position to determine whether the verdict is so tainted than is this court, and that unless it clearly appears from the record that the excessive verdict resulted from prejudice or passion, rather than from that liberality which jurors sometimes exercise in cases which appeal to men's sympathies, we should accept the trial court's determination. The trial court in this case has determined that the jury was not influenced by passion or prejudice, and we see no reason for not accepting its conclusion.

Other rulings of the court are assigned as error and have received our consideration, but they are not of sufficient importance to warrant discussion here. We find no reversible

error in the record, and affirm the judgment of the district court.

KENT, C. J., and LEWIS and DOE, JJ., concur.

DOAN, A. J., Specially Concurring.—I concur in the result arrived at in this case, but not in the analyses given of the opinion of this court in the Fitchett case. This court held in the Tomlinson case that a trial court has the power to make a remission of excessive damages a condition precedent to denying a new trial, but said: "If it is apparent to the trial court that the verdict was the result of passion or prejudice, a *remittitur* should not be allowed, but the verdict should be set aside. . . . When the circumstances as they may appear to the trial court indicate that the jury deliberately disregarded the instruction of the court, or the facts of the case, a *remittitur* should not be allowed, but a new trial should be granted. If they do not so indicate, and the plaintiff voluntarily remits so much of the damages as may appear to be excessive, the court, in its discretion, may allow the remission and enter judgment accordingly." In the Fitchett case, this court held that it was apparent that the jury was influenced by passion or prejudice, and that, therefore, a new trial should have been granted.

The trial court in the case now under consideration has determined that the jury was not influenced by passion or prejudice; the record discloses no reason for refusing to accept its conclusion; the affirmance of the judgment of the lower court is, therefore, in perfect harmony with the former rulings of this court in both the Tomlinson and Fitchett cases.