[Civil No. 2859. Filed March 24, 1930.]

[286 Pac. 371.]

CITY OF PHOENIX, a Municipal Corporation, Appellant, v. T. W. NUTT, Appellee.

Mr. C. H. Young, City Attorney, for Appellant.

Messrs. Sloan, Holton, McKesson & Scott, for Appellee.

LOCKWOOD, C. J.—T. W. Nutt, hereinafter called appellee, brought suit against the City of Phoenix, a municipal corporation, hereinafter called appellant, for personal injuries alleged by him to have been received through the negligence of appellant. The case was tried to a jury which returned a verdict in favor of appellee in the sum of three thousand dollars; and, after the usual motion for new trial was overruled, appellant brought the matter before us for review.

There is but one question for us to consider on this appeal, and that is whether or not the verdict of the jury is excessive. The evidence taken in its most

favorable aspect on behalf of appellee, as it must be under such an assignment, shows substantially the following facts: Appellee fell into a hole in one of the sidewalks of the City of Phoenix. He was taken to a hospital where he remained for a period of some six weeks, expending approximately two hundred dollars for hospital fees and medical attendance. The medical testimony shows that appellee was a man seventy years of age, afflicted with chronic arthritis and arteriosclerosis, and that an accident of the kind in question to a man of that age and condition is very slow in healing. The fall caused a severe sprain in the right ankle, tearing the ligaments, muscles and nerves of his leg. Prior to that time he was able to do expert finishing or any other skilled work as a carpenter or builder, and until shortly before his accident had been earning as high as eight dollars and a half per day. Ever since he left the hospital, and up to the time of trial, he has been unable to accept any employment on a daily wage basis, for the reason that he suffers such severe pain in his ankle and back that he is unable to do a full day's work. Under these circumstances, can we say that the damages are so excessive that the verdict should be set aside?

The rule for determining such a question has been laid down in this jurisdiction in the case of *United Verde Copper Co.* v. *Wiley,* 20 Ariz. 525, 183 Pac. 737, 738. Therein we stated as follows:

" . . . we think the rule laid down by Chancellor KENT in *Coleman* v. *Southwick,* 9 Johns. (N. Y.) 45, 6 Am. Dec. 253, is controlling. He said:

" 'The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to

draw the line, for they have no standard by which to ascertain the excess.'

"After quoting Chancellor KENT as above, in *Chicago, R. I. & P. Ry. Co.* v. *De Vore,* 43 Okl. 534, L. R. A. 1915F 21, 143 Pac. 864, the court made the following comment, in which we fully concur:

" 'We think this rule is sound, for the reason the jury and the trial judge have a much better opportunity than do the appellate judges to measure the actual damages suffered by the plaintiff and the amount which would compensate him for the injury. They have an opportunity of seeing the plaintiff and to discern his manner of testifying, his intelligence and capacity, to note his physical condition, and many other living evidences bearing upon the issue, including all the attending circumstances, of the larger part of which the appellate court is deprived. The jury, thus being in possession of all the facts and circumstances, is required to pass upon this issue as an issue of fact, under an appropriate charge of the court as to the law. Their solemn finding, returned into court and approved by the trial court, should not be disturbed by this court, unless it comes within the rule hereinbefore laid down. The trial judge has not only the opportunity afforded the jurors to gain knowledge of the conditions of the plaintiff's injury, and the amount which will compensate him, together with all the facts and circumstances surrounding his injury, but he also has the opportunity of observing the jurors in considering said cause, and of any outward feeling evidencing passion or prejudice that may be exhibited during the proceedings before him; and if it is made reasonably to appear that the verdict of the jury is excessive, by reason of any influence of passion or prejudice, it becomes his sworn and solemn duty, as a trial court, to set aside the verdict or require a remittitur to be filed. After he has considered this point on a motion for new trial, and approved the verdict by overruling the motion, the appellate court should never disturb the finding and judgment of the trial court, except for the gravest reasons, wherein it clearly appears that the trial court has abused its discretion, or that the verdict is excessive within the rule herein stated. Quotations from

many courts show this rule to be sound and in harmony with the weight of authority, and based upon reason and justice.' "

It would be of little use to quote from the authorities upon the question of whether or not the damages awarded in the case at bar were excessive. Appellant has cited to us some seven or eight cases of injuries, much like those suffered by appellee, wherein the court has reduced verdicts to a figure considerably below that fixed by the jury in the present case. On the other hand, appellee has presented approximately the same number of cases of like general nature, wherein verdicts for three thousand dollars, or even more, have been held not so large as to require a *remittitur*.

We are of the opinion, taking the record as a whole, that the case falls fairly within the rule of *United Verde Copper Co.* v. *Wiley, supra,* and that the trial court having refused to grant a new trial, on account of the size of the verdict, we ought not to disturb it.

Judgment affirmed.

McALISTER and ROSS, JJ., concur.