## MANUEL VASCONCELLOS *v.* GABRIEL JUAREZ.

### No. 2619.

SUBMITTED JUNE 5, 1946.          DECIDED JULY 5, 1946.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.

After trial in the lower court of a tort action for personal injuries which appellee brought against the appellant by a complaint which prays for damages in the total sum of ten thousand dollars (five thousand as general and five thousand as punitive), the jury rendered verdict in favor of appellee, assessing damages at four thousand dollars and designating three thousand five hundred thereof as

general and five hundred as punitive. The appellant excepted to the verdict. He moved the trial judge to set the verdict aside and grant a new trial, which was denied, appellant excepting to the denial. Both exceptions as well as the motion were made on the same ground, *i. e.*, that the amount of four thousand is excessive. Pertinent only to the monetary extent of the verdict, he appeals to this court on the ground upon which he based his exceptions and motion below, the sole error alleged and relied upon in his bill of exceptions being that the jury awarded damages in an excessive amount.

The power of this court to disturb a verdict on the ground of excessive damages is one which should be exercised with great caution and discretion, the duty of guarding against excessive verdicts necessarily resting to a large extent with the trial judge and a reviewing court giving great weight to the trial judge's approval of the verdict. Consequently it ordinarily will not do so where, as here, the trial judge has tacitly approved the verdict as not being excessive and no charge is made of abuse of judicial discretion. Nor will it do so where, as in this case, the record shows (1) that presumably the issue of damages was fairly presented under proper instructions, there being an absence of anything to the contrary; (2) that although the evidence on such issue is in conflict, the appellant does not contend, except by implication, that no part thereof sustains the verdict nor that the conflict may not be determined in support thereof; and (3) that each amount of damages awarded is concededly within the allegations of the complaint. Without more this preliminary survey of the record and position taken on appeal by the appellant, coupled with the very manner in which appellate power to disturb on the ground of excessive damages should be exercised, indicates that the instant verdict on review would not be subject to appellate interference but

rather deemed conclusive. Nevertheless, despite such indication and the apparent improper presentation of the question by the appellant, a useful purpose would be served by a full consideration of the question as well as its presentation.

Controlling the question of excessive damages is the general rule of law, well settled in this jurisdiction, that a finding of an amount of damages is so much within the exclusive province of the jury that it will not be disturbed on appellate review unless palpably not supported by the evidence, or so excessive and outrageous when considered with the circumstances of the case as to demonstrate that the jury in assessing damages acted against rules of law or suffered their passions or prejudices to mislead them. (*Ward* v. *I.-I. S. N. Co.*, 22 Haw. 488; *Tsuruoka* v. *Lukens*, 32 Haw. 263.)

Applying the principles of this rule to the record in order to test whether the qualifications of the rule have been met, this court will resolve the conflict in the evidence in favor of the jury's award and to that end give the evidence the strongest probative force it will admit. Pursuant thereto, it is found as a matter of law that the evidence would warrant findings by a trier of fact that the tortious acts of the appellant against the appellee constituting the basis of appellee's cause of action (the commission of which the appellant in effect concedes by attacking merely the size of appellee's recovery) were intentional, willful and malicious; that they consisted of an unprovoked and brutal beating of the aging fifty-nine-year-old appellee by the thirty-six-year-old appellant in the prime of life; that such tortious acts proximately caused appellee's entire body to be bruised, his nose to be broken, both eyes to be blacked and closed, his upper right cheek to be gashed, the muscle holding his right eye in place to protrude and his right eye to be pushed from

its socket, the direct consequences of all of which being that appellee was rendered groggy and helpless and made to suffer extreme pain and anguish. The susceptibility of the evidence to such findings, relative to the severity and multiple character of the temporary injuries and the circumstances under which they were sustained, as well as the consequences immediately resulting therefrom, belies the existence of a state of record manifesting either an insubstantiation of the evidence to the jury's estimate of the damages or shockingly disproportionate amounts that would tend to render the jury's award suspect or due to improper or corrupt causes. On the contrary, there is manifested ample evidentiary support to the award by a state of record consistent with the presumption that the jury properly weighed the evidence and arrived at a just measure of compensation in accordance with substantive law thereto pertaining, it being our opinion that on such findings of temporary injuries and the concomitants thereof without the necessity of further finding that any permanent ones were subsequently sustained within the chain of proximate causation, reasonable men could come to the conclusion that appellee is entitled to three thousand five hundred dollars in general damages and five hundred in punitive. The verdict therefore is not excessive as a matter of law and it is apparent therefrom that neither of the rule's qualifications warranting appellate interference has been met. Hence the rule itself applies and the verdict on review will not be disturbed.

The appellant points to a certain portion of the evidence, which is undisputed, that appellee's right eye became permanently blind eighteen months after the commission of appellant's tortious acts. He argues that such portion of the evidence is immaterial to the issue of damages and should never have been either admitted or submitted to the jury who by reason thereof improperly may have considered the permanent blindness as an element

of damages and thus rendered a larger award than other-
wise. He-premises this argument of immateriality upon
two grounds, one being that permanent blindness as an
element of damages is not within any of the complaint's
allegations which admittedly are all of a general nature
and the other that there is an insufficiency of proof that
his tortious acts proximately caused the blindness. The
record, however, militates against the making of such an
argument by the appellant. At his instance there was
filed thirteen months before trial a bill of particulars which
alleged that "as the direct result and consequence" of
appellant's tortious acts the appellee's "right vision was
impaired" so that he "will continue to suffer impairment
of his vision and ultimately become blind." Without
amendment of the complaint, the trial was conducted by
the trial judge and both parties on the theory that per-
manent blindness of appellee's right eye constituted an
element of appellee's damages. Evidence was introduced
thereon and instructions given covering it, the appellant
not objecting thereto nor making any motion to strike.
On the contrary, he introduced a part of such evidence
and consented to the instructions. Upon this state of the
record appellant will not be heard on appeal to complain
for the first time against the theory of trial and the pre-
senting of the issue of damages in which he acquiesced
and participated, nor need this court decide as a matter
of law whether the bill of particulars not merely am-
plified the allegations of the complaint but enlarged ap-
pellee's cause of action, whether the evidence of permanent
blindness could have been rejected or whether such evi-
dence after being admitted was subject to being stricken
because of insufficient proof of proximate causation, even
though in our opinion the evidence is conflicting that ap-
pellant's tortious acts proximately caused appellee's per-
manent blindness.

Nevertheless, assuming *arguendo* but not deciding that the argument of immateriality to the issue of damages is sound on both of appellant's grounds, it does not necessarily follow that the position predicated upon it and taken by appellant on appeal against the verdict would be tenable. This is evidenced by the appellant's stand in taking such position. Indicative of further lack of efficacy in his appeal by failing to present properly the question of excessive damages, the appellant does not specifically urge the applicability of the rule's qualifications warranting appellate interference. Neither does he argue that consideration of the evidence of permanent blindness to be within the chain of proximate causation was necessary as a matter of law to the ultimate result reached by the jury, that in the absence of such consideration the remainder of the evidence would not support the verdict rendered, nor that the amount awarded would be outrageously disproportionate when considered with the circumstances established thereby. He rather argues in the main as to how the jury may have considered only a portion of the evidence and what may have been the possible effect thereof upon the size of their award. He thus directs his argument to collateral matters of pure conjecture outside the realm of appellate concern in determining the question of excessive damages and extraneous to the application of the rule against appellate interference. Appellant's position relative to an excessive verdict is therefore untenable and the verdict conclusive, aside from any merit in his argument and the grounds thereof upon which such position is based and considerations in the record opposing the urging of such argument on the grounds stated.

Exceptions overruled.

*E. J. Botts* for defendant-appellant.

*C. B. Dwight* for plaintiff-appellee.

CONCURRING OPINION BY PETERS, J.

I concur in the result. In my opinion, however, the only question involved in this case is whether upon an exception to the denial of the motion for a new trial upon the ground that the amount awarded is excessive this court may reconstruct the issues presented to the jury and emasculate the evidence upon which the verdict is based.

The complaint alleged an assault and battery in the following language: "the defendant did * * * without cause or justification, strike, beat, bruise, and wound plaintiff thereby causing both of his eyes to be discolored and his face and head to become lacerated and swollen as the result of which plaintiff suffered, is suffering, and will continue to suffer, great bodily pain."

Defendant moved for a bill of particulars showing (1) how and in what manner plaintiff suffered from the striking, beating, bruising and wounding as alleged in plaintiff's complaint; (2) in what part or parts of his body plaintiff is now suffering from said striking, beating, bruising and wounding; and (3) in what part or parts of his body and in what particular way the plaintiff will continue to suffer great bodily pain as a result of said striking, beating, bruising and wounding as alleged in plaintiff's complaint. The motion was granted and plaintiff filed the following bill of particulars: "As the direct result and consequence of the defendant's striking, beating, bruising, and wounding, plaintiff received contusion with ecchymosis to both his eyes; a laceration of his right lower eye lid; scratch wounds on his right face and contusions and abrasion on both elbows; contusions and abrasion of the right mastoid area and right lobe of ear; a large stationary apacity in the right media just above and temporally to the center of plaintiff's right vision.

"His right vision was impaired first immediately fol-

lowing the aforesaid assault being 20/200 and thereafter becoming 20/100 and is inflicted with a fully formed cataract.

"His left vision was impaired first immediately following the aforesaid assault being 20/40 and thereafter becoming 20/20.

"The plaintiff will continue to suffer impairment of his vision and ultimately become blind and has continually suffered and still suffers pain in the mastoid region and in his elbow."

No objection was made by defendant to the bill of particulars as filed and in due course and on June 7, 1944, he filed an answer of general denial.

Upon the issues formed by the pleadings the cause came on for trial before the court sitting with a jury on June 25 of the following year. Upon the trial, the plaintiff as a witness on his own behalf testified, without objection, that eighteen months after the time of the assault he became blind in his right eye. He also called a local physician who, without objection, testified that upon his examination of the plaintiff in April, 1944, he found that plaintiff was totally blind in the right eye. The defendant, as a part of his case in chief, called another local physician who testified that he had recently examined the plaintiff's eyes and found that there was an absolute impairment of the vision of the right eye. Both physicians testified that the blindness was caused by a cataract, the latter that the cataract could have been caused by trauma.

Upon the subject of general damages, the jury were instructed, without objection by defendant, as follows: "General damages are such damages as the law implies that a person suffers as the result of a wrong inflicted upon him by a defendant. In this case it would be the pain and suffering, both physical and mental, sustained by plaintiff as a result of the injuries he received, together

with any temporary or permanent disabilities, disfigure-ments or impaired health." By the provisions of Revised Laws of Hawaii 1945, section 10120, which were in effect at the time of trial, it is provided that "Instructions given without objection at the time of settlement to the giving thereof shall be marked 'given by agreement' and no exception thereto shall be allowed." The instruction quoted was amended in other particulars not involved in the consideration of the exception and bears the endorsement of the trial judge "GIVEN BY AGREEMENT AS AMENDED."

Appellant takes the position that the allegations of the complaint only admit of proof of general damages, that is, damages necessarily resulting from the wrongful acts complained of; that blindness does not necessarily result from the wrongful acts alleged in the complaint and that damages, if any resulting from blindness, are special damages which should have been specially pleaded; that the bill of particulars does not serve to enlarge the allegations of the complaint but simply to amplify them and that for an assault and battery as alleged the sum of thirty-five hundred dollars was, as a matter of law, excessive. In other words, appellant by his present attorney, differently from his predecessor who tried the case, now maintains that the evidence of impairment of plaintiff's eyesight should be disregarded in determining the measure of damages and the evidence for the purpose of determining whether or not the amount awarded is excessive, be confined to the evidence of damages necessarily resulting from the wrongful acts alleged in the complaint exclusive of the evidence of impaired eyesight.

It is not permissible upon appeal to change the theories mutually adopted and acquiesced in by the parties upon the trial. Where, as here, the plaintiff adopts the theory that damages for loss of eyesight resulting from an assault

and battery are general damages and recoverable as such and the defendant acquiesces therein and the trial proceeds to conclusion, including the instructions to the jury, upon that theory the defendant may not, upon appeal to this court upon the single exception that the verdict is excessive, assert a different theory and urge that damages for loss of eyesight resulting from an assault and battery are special damages and not recoverable under a complaint alleging merely an assault and battery. For the purposes of this appeal, the theory adopted below by plaintiff and acquiesced in by the defendant must be accepted as correct and review of the exception alleged must proceed upon that hypothesis.

Nor are we permitted to consider any evidence less than all the evidence in ruling upon the exception. There is but one question for us to consider on this appeal and that is whether or not the trial court abused its discretion in denying the motion for a new trial. The evidence must be taken in its most favorable aspect on behalf of plaintiff[1] and the evidence includes evidence of eye injury. It is the duty of this court to examine all of the evidence and from all of the evidence, considered in the light most favorable to plaintiff, determine whether the damages awarded were "so excessive as to create the belief that the jury have been misled either by passion, prejudice or ignorance."[2] It is not as though the question before this court was on an exception to the verdict. It is extremely doubtful whether an objection to a verdict on the ground that the same is excessive may be reviewed upon an exception to the verdict upon that ground. The exception alleged to the verdict in the instant case was general. But however that may be, the exception under consideration

1 City of Phoenix v. Nutt, 36 Ariz. 405, 286 Pac. 371.
2 Sedgwick, Damages (8th ed.) § 1320, p. 639.

is to the denial of the motion for a new trial. A motion for a new trial on the ground that the verdict is excessive is addressed to the sound discretion of the trial judge. The trial judge, upon consideration of the motion, is not at liberty to reconstruct the issues and consider less than all the evidence adduced. And this court in reviewing the action of the trial court is confined to the single question of whether the trial court abused its discretion. It is not the privilege of this court to approach the question as though it were upon an exception to the verdict as contrary to the law and the evidence. Under such an exception there could be no objection in a proper case to considering less than all the evidence for the reason that even a portion of the evidence might sustain a verdict. But where, as here, the only exception presented for review is that alleged to the denial of a motion for a new trial upon the ground that the verdict was excessive, this court must consider all the evidence for the purpose of determining whether, upon all the evidence, the trial court abused its discretion in denying the motion for a new trial.