342 P.2d 207

**BOARD OF REGENTS OF THE UNIVERSITY AND STATE COLLEGES OF ARIZONA, a body corporate, Appellant,**

v.

**Eva D. CANNON, Appellee.**
No. 6559.
Supreme Court of Arizona.
July 10, 1959.

Robert Morrison, Atty. Gen., Charles L. Hardy, Asst. Atty. Gen., for appellant.

Jennings, Strouss, Salmon & Track, and Roderic M. Jennings, Phoenix, for appellee.

LOCKWOOD, Superior Court Judge.

This is an appeal by the Board of Regents of the University and State Colleges of Arizona, hereafter called plaintiff, from a verdict and judgment in the amount of $18,000 in favor of Eva D. Cannon, hereafter called defendant, in a condemnation action to acquire her real property for use of Arizona State College at Tempe (now Arizona State University).

There are two assignments of error as follows: (1) that the court erred in denying the motions to strike the testimony of the defendant and the witnesses Casebere and Wake as to the value of the property and to instruct the jury to disregard their testimony, for the reason that the cross-examination of the witnesses established that their opinions were not based upon a sound factual basis and were therefore not competent as opinion evidence, and (2) that the court erred in denying appellant's motion for a new trial on the basis that the verdict of the jury and the judgment of the court were not justified by the evidence and were contrary to law, for the reason that there was no substantial evidence to support the verdict of $18,000 or the judgment entered in accordance therewith.

The actual issue on appeal, therefore, is whether or not the trial court erred in permitting the testimony of these three witnesses as to the value of the property in question to go to the jury for its consideration.

Counsel for the plaintiff urges certain propositions of law in support of their assignment of error, all of which in effect go to the competency of the testimony of the defendant and her witnesses Casebere and Wake, which may be summarized as follows:

1. An expert witness' opinion as to market value of real property is not competent unless he possesses a general knowledge of the values of other property in the neighborhood.

2. A general knowledge of real estate values, without familiarity of market prices of similar property in the same neighborhood as property whose market value is in question, is not sufficient to constitute competent opinion evidence by a real estate agent or broker.

3. In condemnation proceedings, a witness' opinion as to property value not sup-

ported by facts, but based upon sheer speculation, is not competent.

4. The opinion of a witness permitted to testify as an expert is not substantial evidence unless the witness can give a satisfactory explanation of how he arrived at his opinion.

5. A verdict not supported by substantial evidence cannot stand.

The third and fifth propositions are correct statements of the law. The fourth is a correct statement, except as applied to the owner of the property in question, for it is well established law that an owner of property is always competent to testify as to its value. Los Angeles City High School District, etc., v. Rodriguez, 135 Cal.App.2d 760, 287 P.2d 871; Cruce v. Stein, 146 Cal. App.2d 688, 304 P.2d 118; Taylor v. State Highway Commission, 182 Kan. 397, 320 P.2d 832. Any explanation of how he arrived at that value merely goes to the weight of his evidence.

We shall therefore consider the validity of the first and second propositions of law urged by counsel for the plaintiff.

█ The term "expert" applied to a witness confers upon him no magical property of absolute authority over the subject of his testimony. His qualifications as an expert depend upon possession of special knowledge which he can impart to the jury which will assist them in regard to a pertinent matter as to which the jury are presumed not to be so competent as the witness to draw the proper conclusions from the facts proved. He is defined as a person who is so qualified, either by actual experience or by careful study, as to enable him to form a definite opinion of his own respecting any division of science, branch of art, or department of trade about which persons having no particular training or special study are incapable of forming accurate opinions or of deducing correct conclusions. 20 Am.Jur., Evidence, Sec. 783. Medical doctors, engineers, artists and other similar professional persons might properly be designated as "expert witnesses" when testifying directly in their field. Lay persons who have some special knowledge in a special field may also give opinion evidence which is frequently referred to as "expert testimony." The question of whether any witness, whether or not designated "expert" is competent to testify on a given subject rests in the sound discretion of the trial court, and its exercise will not be reviewed but for abuse. Gila Water Co. v. Gila Land & Cattle Co., 30 Ariz. 569, 249 P. 751; Gray v. Woods, 84 Ariz. 87, 324 P.2d 220.

█ The value of a parcel of land taken by eminent domain is always a matter of opinion, and must be proved by opinion evidence. This court recognizes that there are professional appraisers of property who by special training and experience may be designated as experts in the subject of land

values. We have also recognized that in condemnation cases a wide variation exists in the opinions of experts as to value, and that as a general rule rental income from property is an element of consideration in arriving at the market value. County of Maricopa v. Shell Oil Company, 84 Ariz. 325, 327 P.2d 1005. It is true that there are other elements which may be used to determine market value, including a knowledge of the sales prices of other property similar in character and locality, but we know of no rule which requires the use of this element exclusively. If the witness testifying as to market value bases his opinion upon a recognized method of determining it which is of such a nature that it is not a matter of common knowledge, but results from special experience or training of the witness, his opinion in that matter may be regarded as expert. Upon cross-examination he may be questioned as to the extent of his knowledge of other elements, and lack of such knowledge would be a matter for the jury to consider in weighing the value of the testimony.

Both witnesses, Casebere and Wake, testified that their opinions were as to the market value of the property. Neither could define "market value" in technical legal terms, but recognized the elements of a sale between a willing buyer and seller, with reasonable time to negotiate a sale, and with knowledge on the part of the purchaser of the uses and purposes to which the property was adapted and for which it was capable. Casebere testified he had had special training as an appraiser, was a real estate salesman, had knowledge of the property in question, the income therefrom, and the highest and best use for which it was adapted, and had knowledge of what other similar properties in the locality were selling for, by conversations and "word of mouth". Wake testified that he had been a real estate broker for a considerable time, was familiar with property prices in Maricopa County, had examined the property, knew the income therefrom, and the best use to which it could be put, and based his opinion of market value primarily upon a projection of income. Upon cross-examination neither witness could testify to particular sales of similar property in the locality, except that Wake knew of two sales of similar property to the plaintiff Board of Regents, which were condemnation "deals", which had a direct bearing on his opinion but that he did not base his opinion entirely upon these sales. Plaintiff's own witness Kelly also testified that the acquiring of land in the area by plaintiff for the College affected the market value.

Based on such testimony, we believe the evidence was sufficient for the trial court to exercise its discretion in determining the competency of the witnesses Casebere and Wake to testify as to the market value of the property. No abuse of that discre-

tion is claimed, except, perhaps, by inference, nor can we say that it existed. Cross-examination by plaintiff's counsel could and perhaps did develop weaknesses in the value of the testimony, but that was a matter for consideration by the jury.

Judgment affirmed.

PHELPS, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.

NOTE: FRED G. STRUCKMEYER, Justice, being disqualified, the Honorable LORNA E. LOCKWOOD, Judge of Superior Court, Maricopa County, was called to sit in his stead and participated in the determination of this appeal.