410 P.2d 500

**Blanche Marie McCLAIN, Appellant,**

**v.**

**William L. SINCLAIR, a Minor, by and through his Guardian ad litem June B. Sinclair and June B. Sinclair, individually, Appellees.***

**No. 1 CA–CIV 284.**

Court of Appeals of Arizona.

Feb. 2, 1966.

———◆———

O'Connor, Anderson, Westover, Killingsworth & Beshears, by Harry J. Cavanagh, Phoenix, for appellant.

Cavness, DeRose, Senner & Foster, by Jack C. Cavness, Phoenix, for appellees.

KRUCKER, Chief Judge.

Appellant, Blanche M. McClain, defendant below, takes this appeal from a judgment following a jury verdict in favor of appellees, plaintiffs in the lower court, William L. Sinclair, a minor, by and through his guardian ad litem June B. Sinclair, and June B. Sinclair, individually.

The jury's verdict was for $26,500.00 and defendant's motion for a new trial was denied, conditioned that plaintiffs file a remittitur in an amount in excess of $19,-500.00, which was done.

Appeal is taken from the order denying the motion for a new trial, and the sole

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7325. The matter was referred to this Court pursuant to A.R.S. Section 12–120.23.

issue before this Court is that the verdict is claimed to be excessive and must have been the result of passion and prejudice and not supported by the evidence and contrary to law.

Our Supreme Court has said in Hilltop Metals Mining Co. v. Hall, 29 Ariz. 300, 301, 241 P. 35 (1925):

" * * * The rule is that the judgment of the jury as to what is proper and just compensation in such cases must govern, unless the award is so disproportionate to the injury proved as to justify the conclusion that the verdict is the result of passion, prejudice, or some other improper motive. * *"

In Miller v. Condon, 66 Ariz. 34, 40, 182 P.2d 105, 109 (1947), the Court has said in a later restatement of this rule:

" * * * If it appears manifest that the jury were actuated by prejudice or passion its verdict may not stand; but an exaggerated measurement of damages in a field in which the ideas of reasonable men may differ does not of itself lead to the conclusion that the verdict was based upon motives improper for the jury to entertain. * * *" .

See also Stallcup v. Rathbun, 76 Ariz. 63, 66, 258 P.2d 821, 823 (1953) and Young Candy & Tobacco Co. v. Montoya, 91 Ariz. 363, 369, 372 P.2d 703, 707 (1962), which quote the foregoing statement with approval.

The reason for this rule, as stated by the Supreme Court of Oklahoma, has been quoted with approval by our Supreme Court in United Verde Copper Co. v. Wiley, 20 Ariz. 525, 528–529, 183 P. 737, 738–739 (1919) and City of Phoenix v. Nutt, 36 Ariz. 405, 408–409, 286 P. 371, 372 (1930). In Chicago, R. I. & P. Ry Co. v. DeVore, 43 Okl. 534, 143 P. 864, 869, L.R.A.1915F, 21 (1914), the Oklahoma Supreme Court said:

" * * * [T]he jury and the trial judge have a much better opportunity than do the appellate judges to measure the actual damages suffered by the plaintiff and the amount which would compensate him for the injury. * * * The trial judge has not only the opportunity afforded the jurors to gain knowledge of the conditions of the plaintiff's injury and the amount which will compensate him, together with all the facts and circumstances surrounding his injury, but he also has the opportunity of observing the jurors in considering said cause and of any outward feeling evidencing passion or prejudice that may be exhibited during the proceedings before him; and if it is made reasonably to appear that the verdict of the jury is excessive by reason of any influence of passion or prejudice, it becomes his sworn and solemn duty, as a trial court, to set aside the verdict or require a remittitur to be filed. After he has considered this point on a motion for new trial and approved the verdict by overruling the motion, the appellate [sic] should never disturb the finding and judgment of the trial court, except for the gravest reasons, wherein it clearly appears that the trial court has abused its discretion, or that the verdict is excessive within the rule herein stated. * * *"

See also Young Candy & Tobacco Co. v. Montoya, supra. In Garcia v. City of Tucson, 1 Ariz.App. 83, 84, 399 P.2d 704, 705 (1965), this Court has said:

" * * * The adequacy of a jury's award is a matter peculiarly within the discretion of the trial court, and will not be disturbed on appeal unless it appears that the amount is without support in the evidence. Medlock v. Florian, 42 Ariz. 558, 28 P.2d 621 (1934). In personal injury actions, damages sustained by the injured party are not computable by precise mathematical formulae, and the determination thereof lies within the province of the jury. Absent an award so excessive or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice or other improper cause invaded the trial, the jury's determination of fact is con-

sidered inviolate. Barnes v. Smith, C.A.N.M., 305 F.2d 226 (1962)."

The foregoing rules govern in this case.

An appellate court can presume that the damages were given under the influence of passion and prejudice " * * * when the amount of the verdict as compared with the legal damages shown by the evidence is so great as to shock the conscience of the appellate court." Standard Oil Company of California v. Shields, 58 Ariz. 239, 246, 119 P.2d 116, 119 (1941). We do not feel that such a situation exists in this case, which is comparable to that of Young Candy & Tobacco Company v. Montoya, supra.

The trial court, with the evidence and the surrounding circumstances before it, and following a remittitur of the amount of the verdict, in accordance with its views, denied the appellant's motion for a new trial. We can find no error in the court's ruling and therefore affirm the judgment.

HATHAWAY, and MOLLOY, JJ., concurring.

NOTE: This cause was decided by the Judges of Division Two, as authorized by A.R.S. § 12–120, subsec. E.