442 P.2d 884

STATE of Arizona ex rel. Justin HERMAN, Director, Arizona Highway Department, Appellant,

v.

Antonio LOPEZ, as his sole and separate property; Mercedes Yubeta, as her sole and separate property; Jesus Lopez, as his sole and separate property; Angelita Mills, as her sole and separate property; and Artemisa O'Campo, as her sole and separate property, Appellees.

No. 2 CA–CIV 518.

Court of Appeals of Arizona.

June 28, 1968.

Rehearing Denied Aug. 15, 1968.

Review Denied Oct. 8, 1968.

Darrell F. Smith, Atty. Gen., Stewart & Pickrell, by Robert Pickrell, Phoenix, Special Counsel, for appellant.

Hirsch, Van Slyke & Ollason, by Gerald B. Hirsch, Tucson, for appellees.

KRUCKER, Judge.

This is an appeal from a suit brought by the State of Arizona to condemn lands belonging to appellees situated in Santa Cruz County near Nogales, Arizona. Appellees were owners of 200.4 acres of land three miles north of the Nogales city limits. 4.7 acres were subject to an easement for existing Highway 89. The State took an additional 24.2 acres. Trial was held in September, 1967. The only issues tried were the value of the land taken and the damages to the remainder. The jury returned an award of $87,900 damages for the parcels taken and $52,100 for severance damages to the remainder, or a total award of $140,000. The court entered judgment on this amount September 26, 1967, and the State filed a motion for a new trial. The court ordered a remittitur in the sum of $35,900. This remittitur was accepted by the appellees. The State filed a second motion for a new trial, which was denied, and this appeal taken.

It is conceded that the character of the land was most desirable and that it ad-joined the Meadow Hills Country Club of Nogales. The appraisers used the comparison method of appraisal, with a margin of from $1,800 per acre to $3,000 per acre. There was also testimony that the property in the Meadow Hills Country Club sells for as much as $6,000 per acre.

The State contends on appeal that the verdict of the jury is so large as to shock the conscience and sensibility of the court so as to raise a presumption that the verdict was a result of passion and prejudice, and thus could not be cured by a remittitur. The State also contends that in light of the evidence, the verdict is excessive notwithstanding the remittitur.

When we review these facts on appeal, we do so in the light most favorable to sustaining the judgment of the court below. If there is any reasonable evidence to support that judgment, it will be sustained. If it is based on conflicting testimony, the findings of the court will not be disturbed. Viliborghi v. Prescott School District, 55 Ariz. 230, 100 P.2d 178 (1940).

"It is further the rule that, where the amount of damages or the value of property or services is concerned, and a large number of witnesses fix varying sums as the proper estimate of the value of such damages, property, or services, the trial court and jury are not bound to fix in the verdict or judgment the exact sum testified to by any one of the witnesses, especially when their conclusions are based upon a large number of factors, but may take part of the necessary factors from the testimony of one witness, and part from that of another, *and a result anywhere between the highest and the lowest estimates* which may be arrived at by using the various factors appearing in the testimony in any combination *which is reasonable will be sustained by an appellate court.*" (Emphasis supplied.) State Tax Commission of Arizona v. United Verde Extension Mining Co., 39 Ariz. 136, 140, 4 P.2d 395, 396 (1931).

The State contends that the owners' testimony was so far out of line from the testimony of the experts as to be incompetent. The contention is that the owners were not talking about the value of land, but merely what they would like to receive for it.

 The State made no objection to this testimony. They did not cross examine the witnesses. There was no motion to strike nor any requested instructions pertaining to this testimony. In Board of Regents, etc. v. Cannon, 86 Ariz. 176, 342 P. 2d 207 (1959), the Supreme Court stated the rule that it is well-established law that an owner of property is always competent to testify as to its value. The State raises the spectre of the possibility that all the owner would have to do in any condemnation case is to come in and testify to some astronomical estimate as to his damages and thereby expand the limits for the jury's speculation beyond any relationship to reasonable costs. The answer to this lies in the availability to the State of the right to cross examination of the owner to expose the methods utilized in arriving at his figure. Any explanation of how he arrived at that value goes to the weight of his evidence. Board of Regents, etc. v. Cannon, supra. In this case, the State did not avail itself of its right to cross examine.

In McClain v. Sinclair, 2 Ariz.App. 543, 410 P.2d 500 (1966), we declined to reverse the order of the trial court after a remittitur, when the appellant based the appeal on passion and prejudice. We stated:

> "After he has considered this point on a motion for new trial and approved the verdict by overruling the motion, the appellate [court] [sic] should never disturb the finding and judgment of the trial court, except for the gravest reasons * * *." 2 Ariz.App. 544, 410 P.2d 500 (1966).

 In the very recent case of Bailey v. State, 438 P.2d 9 (Okl.1968), the court stated the rule clearly that an appellate court will not substitute its judgment for that of the jury in matters of damages to

be awarded for condemnation of property for a public use and will not disturb the jury's verdict if supported by any competent evidence. The trial judge allowed a remittitur of $35,900. We think the final judgment is supported by the evidence and will not disturb it.

In this case, the State has shown no reason which would overturn the entry of a judgment in the sum of $104,100 for appellees.

Judgment affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.