[Civil No. 3828.   Filed May 24, 1937.]

[68 Pac. (2d) 338.]

JOHN F. SILLS, Appellant, v. MRS. E. A. VELVIN,
Appellee.

Messrs. Favour & Baker and Mr. A. M. Crawford,
for Appellant.

Messrs. O'Sullivan & Morgan and Mr. E. C. Lock-
lear, for Appellee.

ROSS, J.—This appeal by John F. Sills is from
a judgment against him and in favor of Mrs. E. A.
Velvin in a forcible detainer action commenced by him
for the possession of the Prescott Hotel, located in the
city of Prescott, Yavapai county.

There is but one question in dispute and that is the amount of monthly rent defendant should pay for said hotel for May, 1936, and subsequent months, she contending the lease and its written modifications call for only $100 per month and the plaintiff contending that they call for $300 per month.

On February 25, 1929, the then owner of the hotel, Jane Marsh Smith, leased it to E. J. and Tillie Baines, the lease to run from March 1, 1929, to and including February 28, 1939, at a rental of $12,000 for the first five years, to be paid in monthly installments of $200; and $15,000 for the last five years, to be paid in monthly installments of $250, or less, if such less amount be agreed upon in writing by the lessor at the expiration of the first five years of the lease. In the event steam heat was installed, the rental of the remainder of the last five years was to be $300 per month, or less if agreed to in writing by the lessor. The lease was in writing, duly signed, acknowledged, and recorded.

The Baines, on January 19, 1931, sublet the premises (except a storeroom) to the defendant for the unexpired term, with the agreement that the rental was to be paid directly to the lessor in accordance with the terms of the original lease, or in an amount agreed upon in writing by the lessor as provided in the original lease.

The condition under which the monthly rental should be $300 came about; that is, steam heat was installed.

On June 28, 1931, Mrs. Smith, the lessor, wrote defendant, who it seems was having a hard time meeting her rent, as follows:

"While this depression lasts I will accept one hundred and seventy-five dollars a month for the rent of the hotel—I will not give a lease at that, but until things pick up—that will be the rent ($175.00). . . . Of course, Mrs. Baines still holds the original lease

but. . . I feel I can accept $175.00 until business picks up. . . . ''

Thereafter Mrs. Smith sold and conveyed the premises to F. W. Leonard, who, on July 18, 1933, wrote defendant stating:

''I traded for this property expecting the lease which calls for $250.00 per month at this time and $300.00 per month beginning March 1st, 1934, to be paid. . . . When I reduced the rent to you for $100.00 per month you told me it would only be for a couple of months; it has now been nine months. . . . ''

Leonard again, on July 25, 1933, wrote the defendant as follows: ''I am to-day notifying Mrs. Baines that I will accept $100.00 per month until further notice. . . . ''

The defendant performed the lease contract as modified by these writings by paying the $175 per month and the $100 per month to and including the month of April, 1936. In the meantime, plaintiff, Sills, had become the owner of the hotel and he as such owner, on April 18, 1936, wrote defendant the following letter:

''As the owner of the Prescott Hotel Building, please be advised that from and after the first day of May, 1936, the rent for that portion of the building which you now hold under lease will be $300.00 per month. Will you kindly pay the rent to the undersigned.''

The defendant refused to pay the $300 demanded for the month of May and this action in forcible detainer was instituted to dispossess her.

Defendant relies upon the letter of July 25, 1933, written to her by Leonard, as fixing the rent at $100 per month for the rest of the term. She alleges in her answer that it was so understood and agreed between her and plaintiff's predecessors and that plaintiff at the time he purchased the premises had knowledge thereof. The language of the letter of July

25th will not bear that construction for it relieves the tenant of the higher rent fixed in the lease only "until further notice." The lessor reserved the right to demand the rent stipulated in the lease at any time. The arrangement for less rent than that stipulated was temporary, which might or might not, depending upon the will of the landlord, extend to the end of the lease.

Defendant offered evidence that Leonard had orally agreed with her that the rent should be at the rate of $100 per month for the rest of the term or until the building was put into good shape, but this offer was ruled out by the court and defendant has not appealed therefrom nor has he assigned such ruling as error. Indeed, it seems from defendant's answer that she relied upon the written arrangements as set out in the letters for she alleges in her answer:

"That pursuant to said arrangement, this defendant continued in possession as lessee, paying the sum of $100.00 per month, and that said *written* arrangement existed on the first day of March, 1934, and *has existed at all times since that date.* That it was clearly understood and agreed between this defendant and plaintiff's predecessors in interest that the rental for the balance of said term, to-wit, until March 1st, 1939, should be the sum of $100.00 per month. That plaintiff, at the time he purchased said premises, had full knowledge thereof and accepted for the month of April, 1936, the sum of $100.00 as full monthly rental for said premises. That the *arrangements* for the reduction of said rent as aforesaid were based upon a valuable consideration. . . . " (Italics ours.)

There is no evidence of any modification of the lease by plaintiff's predecessors except as contained in the writings introduced.

Nowhere in defendant's answer is there any allegation that defendant had made any arrangements, oral or written, with plaintiff that the rent should be $100.

However, she testified that when she gave to plaintiff the $100 check to pay the rent for April, 1936, she said to him, "You understand that the rent is to be $100 until the place is fixed up," and that he said, "Yes, I am going to fix it up," but that he had not fixed it up. Plaintiff denied this conversation was had. But granting that it was, plaintiff did not agree therein to accept $100 per month rent for the rest of the term of the lease. He only agreed to fix up the building. The acceptance of the $100 for April's rent recognized the binding effect of Leonard's agreement that that should be the rent "until further notice," but not any longer. When plaintiff gave the notice the rent for May would be $300, he was exercising a right reserved to him and his predecessors under the lease.

■ The plaintiff, at the close of the case, made a motion for a directed verdict, or that the court take the case from the jury and enter judgment for him, and we think the motion should have been granted. There was no question of fact for the jury to decide. The facts were not in dispute. The only question for determination was one of law and that was as to whether the lease and its written modifications called for a rental of $300 or $100 for the month of May. Clearly the rent was the former sum.

■ The authorities cited by defendant are to the effect that if the evidence is in conflict the case should not be taken from the jury and to this we agree, but it is equally as well settled that if there is no conflict in the evidence, and but one conclusion is susceptible of being drawn therefrom, it is the duty of the court to take the case from the jury and decide it.

The judgment of the lower court is reversed and the cause remanded with directions that further proceedings be had in accordance herewith.

McALISTER, C. J., and LOCKWOOD, J., concur.