372 P.2d 703

**YOUNG CANDY & TOBACCO COMPANY and John Paul Cox, Appellants,**

v.

**Valentin MONTOYA, Appellee.**

No. 6849.

Supreme Court of Arizona, In Division.

June 20, 1962.

McCarty, Chandler, Tullar & Udall, Tucson, for appellants.

Merchant, Parkman, Miller & Pitt, Tucson, for appellee.

. J. SMITH GIBBONS, Superior Court Judge.

The appellee, Valentin Montoya, sued the Young Candy & Tobacco Company and John Paul Cox, appellants, for personal injuries alleged to have resulted from the negligent operation of a motor vehicle. The parties will be designated as they appeared in the trial court.

The accident occurred at the intersection of South Sixth Avenue, running north and south, and Pennsylvania Drive, running east and west in the City of Tucson. The defendant, Cox, was traveling north in the lane nearest the center of the road on South Sixth Avenue in a vehicle owned by his employer, Young Candy & Tobacco Company, at a speed of approximately 25 miles per hour. The plaintiff was within a marked pedestrians' crosswalk on South Sixth Avenue on the north side of said intersection. There were no traffic or street lights at this location and defendants concede that the headlights of on-coming traffic affected defendant, Cox' visibility to

some extent; that he did not change his speed for reasons of visibility, and that he had considerably less vision in his left eye than in his right.

This cause was tried before a jury and a verdict returned for the plaintiff in the sum of $25,000. From the judgment based thereon and the denial of a motion for a new trial defendants appeal.

The assignments of error relate to the giving of certain instructions, refusing to declare a mistrial or grant a new trial on the ground of misconduct of plaintiff's counsel in his closing argument to the jury and in denying the motion for a new trial on the ground of excessive damages.

Plaintiff's instructions numbered 1 and **3** are as follows:

### "PLAINTIFF'S REQUESTED INSTRUCTION NO. 1

"You are instructed that the owner of an automobile has the right to use the highways of the state provided, in using them, he uses reasonable care and caution for the safety of others. It is the operator's duty to keep his motor vehicle always under control so as to avoid a collision with others using the highway and he has no right to assume that the road is clear, but under all circumstances and at all times must be vigilent [sic] and must anticipate and expect the presence of others. And if he fails to use such reasonable care

and caution and thereby injures another such failure on his part would constitute negligence and he would be liable in damages for any injury proximately caused by his negligence.

"You are instructed that pedestrians have a right to travel upon a public highway and an automobile driver is required to drive carefully to prevent danger to others using the highway. The driver has no right to assume that the road is clear but under all circumstances and at all times must be vigilent [sic] and must anticipate the presence of others and keep his machine under such control as will enable him to avoid collision with other persons using proper care and caution. [Pearson & Dickerson v. Harrington] 60 Ariz. 354 [137 P.2d 381]"

### "PLAINTIFF'S REQUESTED INSTRUCTION NO. 3

"The law imposes upon the driver of any vehicle using a public highway and upon a pedestrian, the same duty, each to exercise ordinary care to avoid causing an accident from which injury might result. The pedestrian's duty includes exercising ordinary care to avoid placing himself in danger. The driver's duty requires him to be vigilent [sic] at all times keeping a lookout for traffic and other conditions to be reasonable [sic] anticipated, and to keep

the vehicle under such control that, to avoid a collision with any person, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinary prudent driver in like position."

Defendants assign as error the giving of Instruction No. 1 on the grounds, first, that it is repetitious in that it contains some of the same subject matter set forth in Instruction No. 3; and, secondly, that it placed a higher legal duty on the defendants than the law requires, in that it did not limit such duty to act as a reasonably prudent person under the circumstances.

■ The foregoing instructions do contain some of the same rules of law couched in differing language, but the repetition complained of here is not of such a nature as to constitute error on that ground. In the case of Reah v. Jupin, 68 Ariz. 335, 340, 206 P.2d 558, 561, we said:

"It is not reversible error for the court to give more than one instruction in different words covering the same question. * * *"

■ The second objection is without merit. This identical instruction was given and approved by this court in the case of Pearson & Dickerson Contractors Inc. v. Harrington, 60 Ariz. 354, 361, 137 P.2d 381, 384. The same arguments were advanced there as are here presented and in reply thereto we said:

"These instructions do not place 'an unconscionable burden' on defendant but lay down a rule necessary for the safety of the public and one not difficult to follow by persons exercising ordinary care, and of course they did not tell the jury that a driver of an automobile is liable for a collision with a pedestrian 'under any and all circumstances,' * * *."

Defendants' suggestion that this rule is modified in Krauth v. Billar, 71 Ariz. 298, 226 P.2d 1012, is not true, as an examination of this case will readily disclose. We then held, and now reaffirm, that this instruction correctly states the law in this jurisdiction and in the public interest we see no reason to change it.

■ Defendants complain of plaintiff's Instruction No. 4 relating to the aggravation, by defendants' negligence, of a previously existing condition and that portion of No. 6 referring to a confused or incapacitated person, on the ground that there was no evidence of such facts in the case. This position is not well taken for there is such evidence, some of which is quoted by defendants in their briefs. The weight to be given such evidence is within the province of the jury and it is the duty of the Court to instruct the jury on all phases of the law applicable to the various fact situations developed during the course of the trial. Reah v. Jupin, supra.

■ Defendants further assert error in giving instruction No. 6 for the reason that it placed an absolute liability on a defendant who strikes a pedestrian in a crosswalk. This is sometimes referred to as the negligence per se instruction and it does not tell the jury that the driver of an automobile is absolutely liable for a collision with a pedestrian in a crosswalk under any and all circumstances. As we said in City of Phoenix v. Mullen, 65 Ariz. 83, 86, 174 P.2d 422, 424:

"We are committed to the doctrine that if the proximate cause of an injury to another is the failure of the driver of the vehicle to comply with the positive directions of the statute relating to the operation of motor vehicles, such failure or violation is negligence per se and actionable negligence." (Citing cases)

The statutory provisions embodied therein are Sections 28–792 and 28–794, A.R.S.

■ Defendants concede the following: That the violation of a statute relating to the operation of a motor vehicle is actionable negligence if it is the proximate cause of the injury; that the plaintiff was hit in the crosswalk at a location where there were no traffic control signals or street lights; that the headlights of on-coming traffic affected defendant, Cox', visibility to some extent; that he did not change his speed of 25 miles per hour for reasons of visibility; that he did not sound his horn and that plaintiff's injuries were proximately caused by the accident.

In light of these admissions and the doctrine to which we are committed it is apparent that defendants' position has no basis in law or in fact. To adopt their theory would renounce a rule of law of long standing, deeply embedded in our judicial decisions, upon a state of facts that are far from being a model of the care and caution that is needed to reduce the needless loss of life and property on our public highways.

■■ Defendants claim error by the trial court in refusing either to declare a mistrial or grant a new trial on the ground of misconduct of plaintiff's attorney in his closing argument to the jury. No objection was made to the statements until after the jury had retired, thereby depriving the trial court of an opportunity to correct any errors it might have made and to cure any prejudicial conduct before the case was submitted to the jury. The presumption is that an admonition to the jury by the court will remove the effect of improper remarks if timely objection is made before the jury retires, unless it appears that the misconduct is so serious that no admonition could undo the damage. Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420. However, it is the general rule that when no objection is made at the time the remarks were uttered the error, if any, is waived. See Bruno v.

San Xavier Rock & Sand Co., 76 Ariz. 250, 263 P.2d 308.

The trial court heard the evidence and the arguments in question and had the complete record before it. In denying defendants' motion for a mistrial or a new trial it held that such argument was not so prejudicial as to warrant a new trial. We have examined the record and will not under the circumstance disturb the court's ruling.

The last assignment of error is the denial of defendants' motion for a new trial on the ground that the damages were so excessive that the verdict was the result of passion and prejudice, or in the alternative the court should have ordered a remittitur for the reason that the damages awarded were excessive.

■ Early in our judicial history, in the case of *Southern Pacific Co. v. Tomlinson,* 4 Ariz. 126, 132, 33 P. 710, 711, we laid down the rule:

"* * * Of course, if it is apparent to the trial court that the verdict was the result of passion or prejudice, a *remittitur* should not be allowed, but the verdict should be set aside. * *" (Emphasis original.)

Defendants rely upon alleged excessive damages to support their motion to set aside the verdict on the ground of passion and prejudice of the jury. Under the circumstances here this conclusion has its limitations, for in the case of Miller v.

Condon, 66 Ariz. 34, 40, 182 P.2d 105, 109 we said:

"* * * If it appears manifest that the jury were actuated by prejudice or passion its verdict may not stand; but *an exaggerated measurement of damages in a field in which the ideas of reasonable men may differ does not of itself lead to the conclusion that the verdict was based upon motives improper for the jury to entertain.* * *" (Emphasis supplied.)

■ The question of whether the verdict was based on improper motives and must be set aside, or was an exaggerated measurement of damages and should be reduced, or should stand, must be answered in the light of all the facts and circumstances in the case. There is no rule of thumb by which the courts can determine at what point a verdict becomes excessive and should be reduced or at what level passion and prejudice may be determined therefrom. On this problem Justice Udall, speaking for the Court in the case of Stallcup v. Rathbun, 76 Ariz. 63, 66, 258 P.2d 821, 824 said:

"* * * A flagrantly outrageous verdict was declared by this court in Standard Oil Co. v. Shields, supra, [58 Ariz. 239, 119 P.2d 116] to be a fifth ground upon which to predicate a finding of passion and prejudice. But the yardstick to be applied in determining whether such a condition exists is

found in the case of United Verde Copper Co. v. Wiley, 20 Ariz. 525, 183 P. 737, 738, wherein Justice Ross quoted the following rule laid down by Chancellor Kent in Coleman v. Southwick, 9 Johns, N.Y. 45, 6 Am.Dec. 253:

" * * * 'The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line, for they have no standard by which to ascertain the excess.' "

The question is whether the verdict rendered here is so manifestly unfair, unreasonable and outrageous as to shock the conscience of the Court. Our answer to this query is in the negative.

 The remaining question is whether the verdict is an exaggerated measurement of damages and should be reduced or left undisturbed. The jury and the trial court are in a much better position than the appellate judges to measure and determine the damages that will compensate the plaintiff for his injuries. They have an opportunity of seeing him and to discern his manner of testifying, his intelligence and capacity, to note his physical condition and other living evidences bearing upon the issue, including the attending circumstances, the larger part of which the appellate court is deprived. The statement of this court in Ross v. Clark, 35 Ariz. 60, 67, 274 P. 639, 641, and repeated in Rogers v. Bryan, 82 Ariz. 143, 309 P.2d 773 may well be cited here as appropriate to the issue at hand:

"We realize that a jury's verdict ought not to be vacated or the amount thereof reduced except for the most cogent reasons. The rule here and elsewhere is that the verdict will be left undisturbed if reasonably supported by the evidence, when the trial is free from error. There is no absolute fixed legal rule of compensation in actions of this kind, and as a reviewing court we feel we ought not to interfere with the verdict unless it clearly appears that the jury has mistakenly applied the wrong principles in estimating the damages, or was actuated by improper motives or bias indicating passion or prejudice. This is because in actions for personal injuries the law does not attempt to fix precise rules for the measure of the damages, but leaves their assessment to the good sense and unbiased judgment of the jury. * * *"

The trial court, with the evidence and the surrounding circumstances at hand, sustained the verdict of the jury and we have

examined the record and find no reasonable grounds to disturb that ruling.

Judgment affirmed.

JENNINGS and LOCKWOOD, JJ., concur.