396 P.2d 622

**Wallace STEARMAN and Union Rock & Materials Co., Inc., an Arizona corporation, Appellants,**

**v.**

**Pomoceno MIRANDA, Appellee.**

**No. 7250.**

Supreme Court of Arizona.

En Banc.

Nov. 12, 1964.

Snell & Wilmer, Phoenix, for appellants.

Dushoff & Sacks, Phoenix, for appellee.

BERNSTEIN, Justice.

Appellants were defendants in a suit arising out of an accident involving two trucks. Plaintiff was a passenger in one of the trucks and defendants were the drivers of the trucks and the employer of one of the drivers. Plaintiff received a Verdict and Judgment from which the driver of one of the trucks and his employer have appealed. The driver of the truck in which plaintiff was riding has not appealed.

Appellants ask a new trial on the grounds that there was no evidence to support certain instructions; that certain instructions were inconsistent, and that the trial court abused its discretion in denying their motion to reopen the case to present newly discovered evidence.

 . Where a new trial is requested on the ground that there is not sufficient evidence to submit one or more issues to the jury we must review the evidence to see if there was some evidence on that issue. If there is evidence on the issue it should be submitted to the jury and the weight to be given such evidence is within the province of the jury. Young Candy & Tobacco Company v. Montoya, 91 Ariz. 363, 372 P.2d 703.

The evidence is as follows: Appellants' driver Stearman was driving a cement truck of the type that mixes cement on the way to the job. Plaintiff's driver, Ybarra, was in the farm labor contracting business and was driving a pickup truck outfitted so that farm laborers could sit facing each other on benches along the inner sides of the truck. Plaintiff was sitting on one of these benches in the back of the pickup.

The accident happened a bit after half past six in the morning. Stearman was driving the cement truck north on Transmission Road in Maricopa County at about 20 to 25 miles per hour. He intended to turn left at Ironwood Road to deliver his load of cement. Ybarra was following in the pickup truck. About 100 feet before the point he was going to turn, Stearman testified he pulled his mechanical signal to indicate a left turn. Ybarra states he saw no such signal. About 50 feet before the entrance to Ironwood Road, Stearman started to slow his truck. The accident happened 33 feet before the entrance to Ironwood Road by which time Stearman testified he had slowed his truck to 10 to 15 miles per hour. By this point he had pulled his truck left to the center line of the road to make his turn. Stearman's account of the accident was that when he had previously looked in his rear view mirror he had seen no vehicle following him, but at the time of impact he looked in the mirror and saw Ybarra's truck bounce off his left rear tire and hit a telephone pole. Ybarra's version is that he saw no signal of any sort but that as he accelerated to pass Stearman's truck the truck started turning left and forced him off the road. At the point the accident happened the road was a narrow two-lane highway.

■■ The trial judge instructed the jury as to defendants' statutory duties in part:

"And Subdivision B of this same Section[1] reads as follows: 'A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet travelled by the vehicle before turning.'

"And Subdivision C of this same Section reads as follows: 'No person shall . . . suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided by this Article to the driver of any vehicle immediately to the rear when there is opportunity to give the signal.' "

\* \* \* \* \* \*

"Should you find that the defendants William Stearman or Albert Ybarra or either of them violated any one or more of the laws I have just read to you, he or they as the case may be, would be guilty of negligence as a matter of law, and you should not debate that issue further, but should then consider the issue, whether that negligence was a proximate cause of the injury."

Appellants first contend that it was improper to instruct the jury on the duty to signal where there is a sudden decrease in speed because there is no evidence of such a decrease. The violation of a statutory duty is negligence per se. See, e. g. Young Candy & Tobacco Company v. Montoya, supra; Gray v. Woods, 84 Ariz. 87, 324 P.2d 220; City of Phoenix v. Mullen, 65 Ariz. 83, 174 P.2d 422; Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266; Deering v. Carter, 92 Ariz. 329, 376 P.2d 857. The testimony of Stearman is that he started to decrease the speed of the cement truck about 50 feet from the intersection. He was going from 20 to 25 miles per hour up until that time. The accident happened 33 feet before the intersection. He testified he was then going from 10 to 15 miles per hour. Thus the testimony shows the decrease in speed was approximately 10 miles per hour in seventeen feet. One of appellants' expert witnesses testified that a car traveling 25 miles per hour will travel 37 feet per second. Thus, the cement truck decelerated about 10 miles per hour in less than a second. Under these circumstances there was evidence from which the jury could have found the decrease in speed was "sudden".

■ Appellants next argue that the trial judge placed Stearman under the impossible burden of giving both a left turn signal and a sudden decrease in speed signal at the same time. The testimony is in conflict as to whether Stearman did in fact make a left turn signal, but in any event the statute A.R.S. § 28–754 requires that it be made 100 feet before a contemplated left turn. Ac-

1. A.R.S. § 28–754.

cording to Stearman the decrease in speed did not start until 50 feet before his intended left turn and it was at that time the signal for the sudden decrease in speed would have been appropriate. Thus, under the facts of this case simultaneous signals were not required. The point here is that each of the required signals is designed to warn a following motorist of a different maneuver on the part of the car in front of him, and thus of a different hazard. A left turn signal does not necessarily imply a sudden decrease in speed. And certainly a sudden decrease in speed signal does not imply that the motorist is going to make a left turn. It would have been a simple matter to give additional sudden decrease in speed signal manually or mechanically and, if necessary, simultaneously.

 Appellants next contend that even though it may have been negligent not to have given a signal of his sudden decrease in speed, that the failure to give such a signal was not the proximate cause of the accident. We agree that where there is negligence as a matter of law this negligence is of no consequence unless it is a proximate cause of the injury or damage. Nichols v. City of Phoenix, 68 Ariz. 124, 134, 202 P.2d 201, 207:

> "Liability for one's negligent acts cannot be predicated upon negligence alone. The law requires that the proof progress yet another step for 'proximate cause' must also be shown.

Though it hardly seems necessary to reinforce the stating of this legal proposition with authorities, our own court has expressed the rule to be: * * *

> "'It is an elementary principle of law that, even if a person is negligent, recovery cannot be had, unless the negligence is the proximate cause of the loss or damage.'"

An instruction defining proximate cause has been recently upheld by this court. It was:

> "The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the injury and without which the result would not have occurred." Alires v. Southern Pacific Company, 93 Ariz. 97, 105, 378 P.2d 913, 918.

But whether the negligence is the proximate cause of the injury or damage is generally a question for the jury. Figueroa v. Majors, 85 Ariz. 345, 346–347, 338 P.2d 803, 804:

> "* * * It is further fundamental that a verdict will not be directed where the evidence on material facts is conflicting, or where on undisputed facts reasonable and fair-minded men may differ as to the inferences and conclusions to be drawn, or where different conclusions might reasonably be reached by different minds, and thus the question of negligence and *proximate*

*cause* is one of fact to be submitted to the jury and not a question of law for the court; * * * ". (Emphasis added.)

In determining whether the instruction on the issue of proximate cause was justified we must consider the evidence in the light most favorable in support of the theory of the appellee here as he was the party who requested the instruction which was given.

Considering the evidence in that light the jury could have found the cement truck suddenly decreased its speed and Stearman was negligent in not giving the appropriate signal. Ybarra testified he did not see the truck decrease its speed and he increased his speed to pass it. The jury could have found that if a signal denoting a sudden decrease in speed had been given, Ybarra would have slowed down as he passed the cement truck rather than thinking that he had to speed up to pass it. Under such circumstances his car would have been under sufficient control so that he could have kept from being run off the road by the left turn, as was his testimony, or from running into the rear left tire of the cement truck as was Stearman's testimony.

Thus, the jury could have found that but for the negligence of Stearman in failing to give the signal, Ybarra could have had his car under sufficient control to have avoided the accident. The instruction on proximate cause was amply supported by the evidence.

Appellants' final contention is that the trial judge abused his discretion in not granting a motion to reopen the trial to permit the introduction of newly discovered evidence. The newly discovered evidence was a set of records in the possession of Ybarra showing the actual earnings of plaintiff during the three months prior to the accident. The plaintiff had testified that he earned fifty to fifty five dollars per week during this period. The books, the existence of which were not known to appellants until after both parties had rested, but before argument showed that plaintiff had earned $179.08 during the three month period. Appellants cite us to Bowman v. Hall, 83 Ariz. 56, 316 P.2d 484, in support of their position. The trial judge did not abuse his discretion in this case. In denying the motion to reopen, the trial judge stated that he was of the opinion that appellant had ample opportunity to get the evidence. Appellant had available to him all of the usual pretrial discovery procedures by the use of which he could have obtained the evidence in question so that it could be presented in an orderly manner during the course of the trial. Under these circumstances we will not substitute our judgment for that of the trial court.

Affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and SCRUGGS, JJ., concur.