427 P.2d 350

Malcolm **WHITLY**, Appellant,

v.

Carolyn **MOORE** et al., Appellees.

No. 1 CA–CIV 191.

Court of Appeals of Arizona.

May 5, 1967.

Rehearing Denied June 6, 1967.

Review Denied June 20, 1967.

James P. Cunningham, Phoenix, for appellant.

Fennemore, Craig, Allen & McClennon, by Arthur M. Johnson, Phoenix, for appellees.

D. L. GREER, Judge of the Superior Court.

Plaintiff appeals to this Court for a new trial from an adverse jury verdict and judgment. By reason of Plaintiff's (Appellant's) contention that the lower court should have directed a verdict in his favor on the issue of liability and contributory negligence, we shall carefully review the facts to determine if there was evidence to support the jury's verdict. The weight to be given to such evidence is within the province of the jury. The verdict will, therefore, be left undisturbed if reasonably supported by the evidence. Stearman v. Miranda, 97 Ariz. 55, 396 P.2d 622 (1964) Young Candy & Tobacco Co. v. Montoya, 91 Ariz. 363, 372 P.2d 703 (1962).

Plaintiff's automobile was struck from the rear by an automobile driven by the Defend-

ant (Appellee herein) on Black Canyon Highway, 600 feet north of Peoria Avenue north of Phoenix, Arizona. Plaintiff's pick-up was headed southerly towards Phoenix at the time of the collision. Black Canyon Highway was then a two-lane highway packed by vehicles in Sunday traffic, which was described as "terrible" and "very heavy". From the scene of the accident to the stop light at Peoria Avenue vehicles were bumper to bumper. The traffic pattern was erratic, moving from slow to moderate speeds, then stopping suddenly to the accompaniment of screeching tires, creating an accordion effect. When one of the vehicles ahead came to a sudden stop, all of the following vehicles likewise stopped suddenly, and the defendant, who was well within the speed limit, collided with the plaintiff. The culprit who first stopped his vehicle was not in court. The vehicle which caused this chain reaction was well ahead of Plaintiff's vehicle.

J. E. Wallace, who was not a party to the action, was driving a vehicle immediately ahead of plaintiff at the time of the collision. Mr. Wallace testified as follows:

"A Well, I know the cars in front of me stopped awful quick, and I slid my wheels coming to a stop, and I could hear tires squealing behind me.

"Q From what vehicle did you hear the tires squealing, sir?

"A I would say it's the one directly behind me.

"Q Did the truck behind you make any contact with your vehicle?

"A Yes.

"Q What were the lighting conditions at the time?

"A Well, we had our lights on. We had our headlights on when the collision happened.

"Q Well, yes or no, did you put out any flares?

"A Oh, yes, after the accident.

"Q How soon after the accident?

"A Well, immediately, I had a brakeman lantern in the back of my truck and I got it out and we directed traffic around the wreck.

"Q What was your reason for putting out Flares?

"A Well, it was dark and we didn't want anybody else involved in the accident, and for safety precautions.

"Q Can you in your own words, Mr. Wallace, describe the manner in which you brought your vehicle to a stop just before this accident occurred?

"A Well, I know I came to a sudden stop.

"Q Why was that, sir?

"A Someone ahead stopped sudden and didn't give us much time to stop, and I know for a while I didn't think I was going to stop in time."

The Highway Patrolman who investigated the accident elicited from the Plaintiff a statement which the Patrolman testified was follows:

"He (Plaintiff) stated a vehicle stopped in front of him, causing * * *, for the light at Peoria Avenue, which caused everybody else to stop suddenly."

There were no street lights on Black Canyon Highway at this point and the accident occurred at 6:00 p. m., some twenty minutes after sunset. It was dusk or sufficiently dark at the time of the accident that Mr. Wallace put out flares immediately after the accident. Prior to the accident the Defendant had her lights on; the Plaintiff's lights were off.

Plaintiff sustained a whiplash and other resultant injuries which are not important to the appeal. This appeal concerns only the liability of Defendant.

Trial was held in Maricopa County commencing May 25, 1964. The jury found for the defendant. Formal judgment was not entered until March 2, 1965. Plaintiff appeals from said judgment and a denial of his motion for new trial.

Plaintiff submits eight questions for review. They are in their essence restated in our four questions for review as follows:

1. Should the trial court have directed a verdict for the plaintiff on the issue of liability?

2. Should the trial court have charged the jury on the issue of contributory negligence?

3. Did the trial court commit fundamental error in allegedly charging the jury to the effect that if they found that Plaintiff was contributorily negligent they *must* find for the Defendant?

4. Were four of the trial court's instructions proper?

We shall discuss the restated questions for review in the above order.

Plaintiff's first two questions for review deal with whether the evidence was such that the court should have directed a verdict in favor of Plaintiff as to the issue of liability and as to the issue of contributory negligence.

Even assuming, arguendo, that there was evidence of Defendant's negligence in failing to exercise due care, there was evidence from which the jury could conclude that the Defendant was not negligent or that Plaintiff was contributorily negligent. The jury may well have found the Defendant to have been negligent in failing to exercise due care. Still, there was evidence that Defendant's action was not the proximate cause of the accident, by reason of the act of a third person not under Defendant's control and not a party to the action, who stopped his vehicle suddenly causing the chain reaction which was an intervening cause. Or the jury could have concluded that Plaintiff's failure to have his lights on and his following the Wallace vehicle too closely was in itself contributory negligence; or, indeed, the jury could have found that there was evidence of sudden emergency, which would have excused the

Defendant from striking the rear of the Plaintiff's vehicle. On any of these points there is sufficient evidence to permit a reasonable man to differ as to each issue.

 Under the above set of facts it would have been error for the trial court to have directed a verdict for Plaintiff on the issue of liability. Sills v. Velvin, 49 Ariz. 553, 68 P.2d 338 (1937); Dungan v. Brandenberg, 72 Ariz. 47, 230 P.2d 518 (1951). It is only if there is no evidence that would justify a jury in finding issues in Defendant's favor that the trial court is authorized to direct a verdict for Plaintiff. Stearman v. Miranda, supra; Keeler v. Maricopa Tractor Co., 59 Ariz. 94, 123 P.2d 166 (1942).

In the Stearman case, supra, the Supreme Court of Arizona held in quoting from Figueroa v. Majors, 85 Ariz. 345, 338 P.2d 803 (1959):

"It is further fundamental that a verdict will not be directed where the evidence on material facts is conflicting, or where on undisputed facts reasonable and fairminded men may differ as to the inferences and conclusions to be drawn, or where different conclusions might reasonably be reached by different minds, and thus the question of negligence and *proximate cause* is one of fact to be submitted to the jury and not a question of law for the court; * * * (emphasis added)"

And it would have been error for the trial court to have refused to issue an instruction on the issue of contributory negligence. In the case of Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964), the Supreme Court stated on page 396 of the Arizona Reports on page 18 of 396 P.2d that it is not appropriate to give an instruction on contributory negligence

"* * * where there is *no* evidence from which a reasonable man could find the plaintiff guilty of contributory negligence."

On the other hand the rule relative to the necessity of giving such an instruction has been discussed as follows:

"It is the duty of the court to advise the jury of the law applicable to the facts, and, if there is evidence showing, or tending to show, plaintiff guilty of contributory negligence, instruct as to its effect, if established, on plaintiff's case." Dennis v. Stukey, 37 Ariz. 510, 295 P. 971 (1931).

This case has been partially modified by Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), which in our opinion does not eliminate the announced rule insofar as there is a duty upon the trial court to instruct on the subject of contributory negligence " * * * if there is evidence showing, or tending to show, plaintiff guilty of contributory negligence * * *"

Plaintiff's third question for review is as follows: "Was it error for the trial court to instruct the jury regarding contributory negligence as follows: 'If you find that Plaintiff was negligent you then must determine a fourth issue, namely, did that negligence contribute as a proximate cause of the injury of which the Plaintiff here complains. If you find that it did, your verdict *must* be for Defendants'." (emphasis added)

Defendants submitted as their requested instruction No. 3 a proper instruction on contributory negligence which the trial judge accepted and agreed to give, which was in part as follows: "If you find that it did, then your verdict should be for defendants." The Reporter's Transcript, however, shows that, as given, the above underscored portion of the instruction was given as follows: *"If you find that it did happen, then your verdict must be for Defendants."* There is some confusion as to precisely what the trial judge actually said. Defendants submitted a proper instruction, and the Court inadvertently used the word "must" instead of "should". When it was brought to the Court's attention that a

"must instruction" had been given, the following conversation took place out of the hearing of the jury:

"Mr. Johnson: You Honor, you gave an instruction from Arizona Jury Instructions have (sic) to do with contributory negligence and that instruction was a *must* instruction * *.

"The Court: I corrected it once. I thought I caught it.

"Mr. Johnson: Was it corrected to Counsel's satisfaction?

"Mr. Knight: I thought it was. I didn't catch it the second time.

"The Court: I corrected it once.

"Mr. Knight: We'll waive any objection on that.

"The Court: All right."

It appears affirmatively from the record that the trial court did correct an inadvertence to the satisfaction of Plaintiff. Furthermore, the Court subsequently and in a similar instruction gave a "should instruction" and again instructed the jury: "Under the constitution of Arizona the defense of contributory negligence shall, in all cases whatsoever, be a question of fact and shall at all times be left to the jury for a determination." When, as here, the inadvertent use of *must* was corrected and the instruction, considered in the light of the instructions as a whole, correctly stated the law, it is not reversible error. Phoenix Railway Co. v. Landis, 231 U.S. 578, at page 380, 34 S.Ct. 179, at page 181, 58 L. Ed. 377 (1913), where the U. S. Supreme Court said:

" * * * On considering the course of the trial and the instructions given to the jury just prior to, and immediately following, the one in question, it could not be said that the language complained of might have confused or misled the jury."

We, therefore, find no error in the instruction given.

The Court is mindful of the holdings in this jurisdiction of Deering v. Carter, 92 Ariz. 329, 376 P.2d 857 (1962); Wolfswinkel v. Southern Pac. Co., 81 Ariz. 302, 305 P.2d 447 (1956); and Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1964). The distinction between the above cases and the present case is that in the above cases a *must* instruction was given and understood as such by the jury, and in the instant case an inadvertent use of the word *must* was used which was corrected to the satisfaction of counsel and did not mislead or confuse the jury as to what the law is. Further, there was a specific waiver of objection by Plaintiff's counsel.

Four of the remaining questions for review have to do with instructions given by the Court. Plaintiff complains that said instructions were erroneous. However, a review of such instructions and the record show that the Plaintiff made no objection or exception to three of the instructions complained of, and actually requested the fourth one. It is well settled in Arizona that a party is not entitled to base error on the giving of certain instructions when no objections have been made at trial. Arizona Rules of Civil Procedure, Rule 51 (a), 16 A.R.S.

Finally, Plaintiff urges error in the denial of his motion for new trial. In Waid v. Bergschneider, 94 Ariz. 21, 381 P.2d 568 (1963), the Supreme Court said:

"* * * new trial should be granted only for a cause materially affecting the right of the aggrieved party."

We do not find that the rights of the Plaintiff were materially affected in the lower court, and the trial court should not, therefore, have granted a new trial.

The judgment of the lower court is affirmed.

CAMERON, C. J., and STEVENS, J., concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge D. L. GREER was called to sit in his stead and participate in the determination of this decision.