553 P.2d 1239
**Salvador MARTINEZ, Appellant,**
v.
**John R. JORDAN dba Jordan Ranches, Appellee.**
**No. I CA–CIV 2843.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 1, 1976.

Rehearing Denied Aug. 9, 1976.

Petition for Review Denied Sept. 21, 1976.

Byrne & Ellsworth, by David S. Ellsworth, Yuma, for appellant.

Rolle, Jones, Benton & Cole by F. Keith Benton, Yuma, for appellee.

## OPINION

WREN, Judge.

The appellant, Salvador Martinez, raises two issues on appeal from a jury verdict in favor of the appellee, John R. Jordan: (1) that the trial judge permitted prejudicial and irrelevant testimony to come in over his objection and; (2) that the trial judge erred in refusing to instruct the jury on res ipsa loquitur.

Martinez was injured in the course of his employment while attempting to jump-start a grader from a pick up truck by the use of electric jumper cables. The complaint alleged that Jordan negligently connected the cables to the battery on the pick up truck and thereby caused the grader battery to explode in Martinez' face.

## PREJUDICIAL TESTIMONY

Several days prior to trial, defense counsel requested that Martinez' attorney secure Martinez' income tax returns for the past few years, in lieu of a subpoena. Plaintiff's counsel agreed to do so and then discovered that Martinez had not filed any income tax returns for a number of years. Plaintiff's counsel made a motion in limine seeking to exclude any reference during trial to Martinez' income tax returns or his failure to file them. The judge ruled that defense counsel would be allowed to ask the plaintiff if he had filed returns and establish the fact that no returns were available for impeachment purposes. However, no further details would be permitted so as to avoid prejudice by imputing a criminal act to Martinez.

We find no error in this ruling. Any evidence which is otherwise competent and which is relevant to loss of income or impairment of earning capacity is generally admissible, and such loss is often shown by evidence of what the plaintiff was earning at the time of injury, his average earnings, and his income in the preceding year. 25 C.J.S. Damages § 86, 25A C.J.S. Damages § 154. In our opinion, income tax returns are clearly relevant to proving past earnings and any reduction thereof. Counsel's initial agreement to produce the returns without a subpoena is indicative of the unquestionable relevance of such evidence. The question before this Court, however, is whether the failure to file the returns and the consequent inability to produce them are also relevant to loss of income and impairment of earning capacity.

In *Newson v. City of Oakland*, 37 Cal. App.3d 1050, 112 Cal.Rptr. 890 (1974), plaintiff sued to recover for loss of income due to personal injuries. He produced no records of his earnings but testified to his average income. Plaintiff urged that it was prejudicial to force him to disclose his failure to file income tax returns, and that such forced disclosure violated his right against self-incrimination. The court held that he was properly required to answer

the questions because the testimony concerning his income on direct examination made relevant his income tax returns and the failure to file them. The right against self-incrimination was deemed to have been waived.

We agree with the California court that the failure to file tax returns is relevant when past earnings are in issue. Martinez produced no records of his earnings over the past several years except for some W–2 forms which did not cover all the relevant years. Further proof of his income consisted of his own testimony and a recap sheet prepared for trial by himself and his attorney. We believe that the defendant had the right to show on cross-examination the unavailability of any income tax returns to possibly impeach Martinez' evidence of past earnings.

Martinez also urges that defense counsel's questions on cross-examination and his reference to the failure to file tax returns in closing argument exceeded the bounds of permissible inquiry set out by the trial court. However, because no objection was interposed by plaintiff's counsel, either at the time of the questioning of closing argument, we do not reach the issue. Any error was waived by the failure to make a timely objection. *Tryon v. Naegle,* 20 Ariz.App. 138, 510 P.2d 768 (1973). We find no merit in the argument that the objection was a continuing one that did not need to be reasserted or that the comment to the jury constituted fundamental error.

## RES IPSA LOQUITUR

For his second issue on appeal, Martinez asserts that the trial judge erred in refusing to give his requested instruction on res ipsa loquitur. Rule 51(a) of the Arizona Rules of Civil Procedure sets forth the necessary prerequisites for review of jury instructions and provides in pertinent part:

". . . No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of hearing of the jury."

In the instant case, counsel and the trial judge met in chambers to discuss jury instructions. After informing them of the instructions he planned to give the judge asked for objections and exceptions. Plaintiff's counsel had none. After further discussion plaintiff's counsel made a request for an additional instruction.

"MR. ELLSWORTH: If the Court please, the plaintiff request Marji No. 19, the Res Ipsa instruction, upon the grounds and for the reasons and based upon the decisions that have been previously cited to the Court during the course of the response to defendant's motion for directed verdict at the conclusion of the plaintiff's case.

"THE COURT: Well, that request may also be denied."

Plaintiff's counsel made no objection to the denial of this requested instruction and no further discussion of the matter took place. Under Rule 51(a), instructions not specifically objected to at trial cannot be assigned as error on appeal and any objection is deemed waived. *City of Tucson v. Koerber,* 82 Ariz. 347, 313 P.2d 411 (1957); *Tryon v. Naegle,* supra; *Whitly v. Moore,* 5 Ariz.App. 369, 427 P.2d 350 (1967); see, *Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966); *City of Tucson v. La Forge,* 8 Ariz.App. 413, 446 P.2d 692 (1968). Nor can it be argued that the substance of Rule 51(a) was complied with here when the request for the instruction was supported only by reference to legal authority and argument previously made to the court, as reflected above by Mr. Ellsworth's statement to the court, when no transcript of the hearing on the motion for directed verdict appears of record.

Even if a proper objection had been raised, the res ipsa loquitur instruc-

tion was properly refused. Martinez alleged specific negligence on the part of Jordan in hooking up the jumper cables. All his proof at trial went to showing that Jordan had crossed the cable wires and thereby caused the battery to explode. When a party pleads specific negligence, his proof is limited to those specific grounds and the doctrine of res ipsa loquitur is inapplicable. *City of Tucson v. Sanderson,* 104 Ariz. 151, 449 P.2d 616 (1969); *Daugherty v. Montgomery Ward,* 102 Ariz. 267, 428 P.2d 419 (1967).

The judgment is affirmed.

JACOBSON, P. J., and SCHROEDER, J., concur.