McKEOWN, J.,
dissenting:
I respectfully dissent; I would reverse the remittitur. Under Arizona law, a court may grant remittitur only if: (1) The verdict is “so manifestly unfair, unreasonable, and outrageous as to shock the conscience of the court.” Haralson v. Fisher Surveying, Inc., 201 Ariz. 1, 6, 31 P.3d 114 (2001) (citations omitted); (2) there is no “substantial evidence [ ] permitting reasonable persons to reach such a result.” Hutcherson v. City of Phoenix, 192 Ariz. 51, 53, 961 P.2d 449 (1998); or (3) “[t]he jury misapplied the principles governing damages.” In re Estate of Hanscome, 227 Ariz. 158, 162, 254 P.3d 397 (Ct.App.2011). Although the district court correctly found that there was no passion or prejudice in the jury award, its decision ultimately was untethered from the ■ applicable Arizona' standards — concluding that the verdict was “excessively high,” essentially reweighing the evidence, and failing to give proper deference to the jury’s determination. See Young Candy & Tobacco Co. v. Montoya, 91 Ariz. 363, 369, 372 P.2d 703 (1962).