# McCAFFERY v. NORTHERN PACIFIC RAILWAY COMPANY.

## (134 N. W. 749.)

**Pleading — motion to strike for variance — time for.**

1. A motion to strike out a portion of the complaint was properly denied when made on the ground of variance between the complaint and the allegations of the justice court summons, where the complaint was filed and trial had thereon in justice court, and when the motion was made for the first time in the district court.

**Evidence — testimony of owner of land as to its value.**

2. The owner of land may testify to its value, even though, if he was not such owner, his ignorance of its value would exclude his testimony.

**Negligence — submitting question of, to jury — sufficiency of evidence to sustain verdict.**

3. *Held*, that the court properly submitted to the jury the question of negligence, which remained an issue of fact, and that the evidence is sufficient to sustain the verdict rendered.

Opinion filed January 29, 1912.  Rehearing denied February 16, 1912.

Appeal from the District Court, Morton county; *Crawford, J.* Affirmed.

*Ball, Watson, Young, & Lawrence* and *E. T. Conmy,* for appellant.

*W. H. Stutsman* and *J. E. Campbell,* for respondent.

Goss, J.  The facts in this case are simple and the law plain.  Action is brought for damage to real property caused by a fire set by an engine of defendant company.  The origin of the fire and its course, the property destroyed thereby and its ownership in plaintiff, are uncontro-

Note.—The question of the measure of damages for injury to, or destruction of, trees or shrubs not valuable for their timber or firewood, is the subject of a note in 28 L.R.A.(N.S.) 757, appended to the case of Cleveland School Dist. v. Great Northern R. Co. 20 N. D. 124, 126 N. W. 955, which is referred to in the opinion of McCAFFERY v. NORTHERN P. R. Co. as laying down the correct measure of damages applicable in the latter case.  And the earlier cases on this subject are collated in a note in 11 L.R.A.(N.S.) 930.

For presumption of negligence in case of railway fire, see note in 15 L.R.A. 40. And as to effect of presumption from fact that fire was set by locomotive to carry question of negligence to the jury, see note in 5 L.R.A.(N.S.) 99.

verted and beyond question. All the error assigned may be included under four general subdivisions as hereinafter considered.

We will first discuss the motion of defendant made in district court to strike out a portion of the complaint wherein the negligence complained of is specifically pleaded, which motion was made "on the ground that there is a fatal variance between the allegations of the complaint and the summons in justice court." The summons in substance required the defendant to answer the complaint of the plaintiff, "who claims to recover of you the sum of $200 for damages done by you by a fire set by one of your engineers on your right of way at or near Lyons, on or about the 18th day of April, 1908," with a notification that in default of answer judgment would be taken against defendant. On the trial in justice court a written complaint was filed, pleading the negligence complained of to have been that of the company, and alleging wherein defendant was negligent and the resulting damages occasioned plaintiff. The jurisdiction of the justice because of any insufficiency of the summons was not attacked, nor is it here questioned. The district court in its discretion could have permitted the filing of the written complaint had trial been had in the lower court on the summons without written pleadings. It could have permitted any amendment to any complaint necessary and within the cause of action sued upon. Such power or right cannot be seriously questioned. The summons had fulfilled its function—it had brought the defendant into court on an issue of damages claimed because of a fire alleged to have been set through defendant's negligence. On defendant's appeal taken generally with demand for new trial in district court, such court with jurisdiction so conferred and unquestioned could, within its discretion, have allowed new pleadings to have been filed formulating issues in furtherance of justice and within the cause of action sued upon. So long as such complaint stated but the cause of action, the nature of which defendant was by the justice's summons apprised in general terms, defendant cannot be heard to complain. Besides, this motion, based on the ground of variance between the summons and this complaint, could not be successfully urged for the first time in district court. Of such a variance the law will take no cognizance. If the complaint filed in district court contains other matter than properly within the cause of action sued upon, relief is had without reference to

22 N. D.—35.

or dependent upon the averments of the justice court summons, except as it may furnish evidence of what the cause of action is. This motion could not be made for the first time in the district court after trial in justice court on said complaint had been had without objection. The motion was properly denied.

The plaintiff was owner of the land burned over. After counsel for defendant had, on examination of the plaintiff, confused him as to how he would apportion any damage suffered between the injury to the trees and other alleged damage sustained, and demonstrated plaintiff to have been somewhat ignorant as to the actual value of his own farm and property injured, plaintiff was permitted, over objection as to foundation and incompetency, to testify to value of the land, both before and after the fire, as proof of damages sustained. This ruling is assigned as error, defendant contending that "the presumption that an owner can testify as to the value of his own property is overcome by his positive testimony of ignorance of value." The fallacy of this is that it is based upon a mistaken assumption in law, that the right of an owner of property to testify depends upon some presumption of fact arising from the ownership, qualifying him as an expert to testify; whereas his qualification to testify does not depend upon presumption, but upon the principle, that an owner is in law qualified to testify, and his testimony is, because of his relationship as owner, competent and admissible on the question of value of his property. His ownership, regardless of his knowledge, qualifies him to testify. Its weight may, in fact be naught, but he may testify to his estimate of the value of his property. See 17 Cyc. 112: "In most instances an owner is deemed qualified by that relationship to testify to the value of common classes of property, although experience will enhance the weight of his estimate. The primary qualification of other witnesses is adequate acquaintance with that class of property, whether personal or real." To the same effect, see 1 Wigmore on Evidence, § 716, reading: "The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy." See also § 714, and 13 Enc. Ev. 560. A distinction as to qualification to testify is thus drawn between owners and nonowners. We think suf-

ficient foundation was laid to admit the testimony of neighbors concerning value of the premises before and after the fire, to the admission of which error is assigned. There was ample testimony of actual damage suffered by plaintiff.

Since trial herein was had the measure of damages applicable has been determined by this court in Cleveland School Dist. v. Great Northern R. Co. 20 N. D. 124, 28 L.R.A.(N.S.) 757, 126 N. W. 955. That measure of damages was applied in the admission of evidence and the instructions given, in substance, that the damages consist of the difference between the value of the land before and its value after the fire.

Defendant contends, further, that the testimony offered by it, that its engine and fixtures were in good repair, was, because of physical facts shown in the testimony, sufficient to overcome any testimony to the contrary, and particularly to disprove plaintiff's evidence that other fires were set the same day by the same engine. The testimony offered by plaintiff was that this particular engine set two fires shortly before the one causing the damage in suit, and that all three fires were set while the engine was running a distance of about 5 miles. Defendant admits the evidence of its setting of these other fires was admissible as bearing upon the question of negligence in the setting of the fire occasioning the damage; but contends negligence is wholly negatived by defendant's proof that the engine in question did not pass by the territory adjacent to where the fire started until after the time plaintiff's testimony shows the fires must have been set; and accordingly that the same engine could not have set all three fires. Defendant urges that thereby plaintiff's proof of negligence in equipment of machinery or its operation strongly appearing from its starting of these several fires in such a short distance and within a short period of time, is totally overcome as a matter of law. The fault with defendant's proposition so urged is that it is assumed, in the first place, that there is testimony of physical facts, and, in the second place, that such proof negatives the possibility of the truth of the evidence offered by plaintiff; and in neither instance is the assumption warranted. There is no proof of what may be properly termed physical facts. The train record as to when this particular train left Mandan does not fall within such category. Besides, such train record is dependent, for its

identity and application, to the case upon oral testimony of the engine's road number. And again, as to the exact time of the fire, the jury might in reason have concluded that plaintiff's witnesses were simply mistaken, and that, granting defendant's record proof of the time of its leaving Mandan and the time necessary for it to run the 8 miles therefrom (during which time plaintiff's proof shows it set three fires), that the proof of plaintiff of the time of fire would coincide in time with the proof offered by plaintiff of the time of the engine's trip in question, thus harmonizing all testimony, instead of establishing the physical impossibility of the truth of plaintiff's theory based upon the same engine setting all three fires.

Defendant assigns error on proposed instructions refused. To have given them would have been but the repetition of instructions elsewhere given in the charge. The instructions of the court fully covered both sides of the case and all issues therein within the pleadings and the proof offered, and are above criticism.

No error was committed in admitting or excluding testimony, and the evidence was sufficient to warrant the submission to the jury of the issues involved of negligence and amount of damages; concerning all of which the jury were properly instructed. The judgment entered on the verdict rendered is accordingly ordered affirmed.