## ARKANSAS STATE HIGHWAY COMMISSION
### *v.* ANNIE SUE McDONALD

5-5603                                                    468 S. W. 2d 231

Opinion delivered June 21, 1971

*Thomas B. Keys* and *George O. Green,* for appellant.

*Pickens, Pickens & Boyce;* By: *James A. McLarty,* for appellee.

FRANK HOLT, Justice. This is a condemnation proceeding in which the State acquired 3.72 acres of land in fee and a permanent drainage easement upon another .46 acres of land belonging to appellee landowner. This acquisition from appellee's 102-acre farm was necessary for the relocation and construction of a part of U. S. Highway No. 64. The area taken in fee consisted of a 60-foot strip along the northern boundary of the farm. The easement acquired is located to the south and adjacent to the area taken in fee. Appellee's farm is near the City of McCrory and fronted approximately one-fourth mile on State Highway No. 17. The landowner testified that the highest and best use of her land was for residential development and estimated her damages at $13,-000 ($102,000 valuation before the taking and $89,000 after). Three expert witnesses testified in appellee's behalf to the effect that the highest and best use of the property was for residential purposes. The damages estimated by these witnesses were $4,181, $3,837, and $3,762 respectively. Appellant's only witness estimated that the land had been enhanced in value in the amount of $2,800 ($31,000 before and $33,800 after). Appellant's estimate was on the basis that the highest and best use of the lands fronting on Highway No. 17, and at its junction with the new construction of No. 64, was commercial, with the remainder being agricultural. The court, sitting as a jury, found there was neither severance damage nor enhancement to the market value of the remaining land. The court awarded $4,800 for the lands actually taken. For reversal of that judgment, appellant contends there is no substantial evidence upon which the trial court, "upon its own motion," based its findings of fact.

Appellee, 81 years of age, testified on direct examination, without objection, that her father had purchased the property in 1888 when she was one year old; that this property was part of a larger farm which had been divided between her and her brother; that she had not

lived on her particular portion of the farm, although she had lived on that portion now belonging to her brother; that she had owned the property for "about 40 years" and lived nearby; that it is located near the city limits of McCrory; that she had farmed the land through her tenants during the 40 years; that she had sold timber off the property; that she had been on the farm many times and had made improvements upon the land; and that she was familiar with the surrounding land which had been developed into a residential section. She further testified that the highest and best use of the property is for residential development and that in her opinion the fair market value of her property was $102,000 before the taking and about $89,000 after the taking, or damaged in the amount of $13,000. A landowner's opinion testimony is admissible as to the question of value of his property, regardless of his knowledge of property values, in the event he has an intimate acquaintance with his property. *Arkansas State Highway Comm.* v. *Duff*, 246 Ark. 922, 440 S. W. 2d 563 (1969); *Lazenby* v. *Arkansas State Highway Comm.*, 231 Ark. 601, 331 S. W. 2d 705 (1960).

We think the appellee has shown that she is sufficiently familiar with her property. Having farmed the property through tenants for 40 years, she is certainly aware of the value of the property in terms of the amount of rental income it produces each year, as well as any income derived from the sale of timber. This evidence, along with the fact that she had knowledge of the residential development in surrounding areas, is sufficient to show that her testimony as to damages in the amount of $13,000 is not without a reasonable basis. Any infirmities in her testimony bear upon its weight.

On cross-examination appellant questioned appellee as to whether she had received any offers to purchase portions of her property and the prices made in such offers. Appellee replied that although she had received offers almost every week from prospective purchasers desiring to purchase the property for residential and commercial purposes, she had not allowed a price to

be set because she did not intend to sell. Appellee was not further questioned concerning the basis used to establish value. This limited cross-examination was insufficient to destroy the reasonable basis of her value testimony which she had demonstrated on direct examination. In *Arkansas State Highway Comm. v. Clark,* 247 Ark. 165, 444 S. W. 2d 702, we said:

> "Since Clark did not base his opinion on comparable sales, appellant's assertion that he did not show that he was acquainted with the market and other sales in proximity to his lands relied upon by appellant's experts is of little consequence. Appellant never asked Clark about his knowledge of these sales or for an explanation of their comparability. Consequently, it is in no position to contend that this lack of knowledge made his testimony insubstantial."

Likewise, in the case at bar appellant's failure to further seek an explanation of the basis used by appellee to determine her land value precludes it arguing on appeal that her evidence is not substantial.

Furthermore, there was testimony, without objection, by an expert witness for the landowner that comparable lands in the surrounding area had sold for $1,-200 an acre about ten months after appellee's land had been taken by appellant.

In the case at bar the landowner, as we have indicated, was thoroughly familiar with the utilization of her property, the improvements, and its adaptability for the highest and best use. She was also familiar with the usages of the surrounding lands. Her expert value witness corroborated her testimony and placed a value upon her lands taken at $1,200 per acre based upon a comparable sale. The court awarded appellee $4,800 as just compensation. In doing so, the court allocated $4,464 for the 3.72 acres taken in fee ($1,200 per acre) and the blance of the total award represented just compensation

for the .46 acre taken for a permanent easement. In our view the findings of the court, sitting as a jury, are based upon substantial evidence.

Affirmed.

BROWN, JONES and BYRD, JJ., dissent and would reverse because the landowner showed no reasonable knowledge of market values as to residential property. *Arkansas State Hy. Comm'n* v. *Darr,* 246 Ark. 204, 437 S. W. 2d 463 (1969).