THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellant, *v.* THOMAS E. HARPER *et al.*, Defendants-Appellees.

Fifth District   No. 78-175

Opinion filed October 12, 1978.

William J. Scott, Attorney General, of Springfield (Roy Frazier, Assistant Attorney General, and James W. Sanders, Special Assistant Attorney General, of counsel), for appellant.

Charles W. Phillips, of Harrisburg, for appellees Thomas E. Harper, Sharon D. Harper, Shirley J. Martin, and Gregory Martin.

Mr. JUSTICE KARNS delivered the opinion of the court:

Petitioner, the Department of Transportation of the State of Illinois (hereinafter referred to as the Department) appeals from the judgment of

the Circuit Court of Saline County entered upon a jury verdict in an action to condemn two parcels of real estate owned respectively by defendants Thomas E. Harper and Sharon D. Harper and defendants Shirley J. Martin and Gregory Martin.

The two tracts were vested in the Department by order of the circuit court pursuant to the Illinois Eminent Domain Act. (Ill. Rev. Stat. 1977, ch. 47, par. 1 *et seq.*) A hearing was held before a jury to determine the fair market value of the property taken and the amount of damage, if any, to the remainder of defendants' adjoining properties which were not condemned. The issue on appeal is whether the trial court properly admitted the testimony of defendants Thomas Harper and Gregory Martin regarding the value of their tracts of land.

Prior to the date of the condemnation petition, the properties, both commercial, had been land-filled, graded and rocked, and had partially completed buildings. Robert Whittney, witness for the Department, testified that the Harper and Martin tracts as of the date of the petition had fair market values of $2,000 and $1,000. Glenn Cross, also a Department witness, testified that these tracts had fair market values of $1,650 and $750, respectively. Both witnesses stated that there was no damage to land not taken.

Thomas Harper and Gregory Martin, the landowners of the two tracts, testified on direct examination as to the value of the land in controversy over the timely objections of the Department on the grounds of insufficient foundation evidence. It was Harper's opinion that the fair market value of his condemned property was $10,000, and that the damage to the remainder was $47,500. Upon cross-examination, Harper admitted that he had not bought or sold any other property in Harrisburg and that he did not live in Harrisburg. Harper, however, explained on redirect examination how he determined the value of his property. He considered the cost of the property, the amount of money and time in erecting the building, the price of other properties in the area, and the growth of other businesses. He concluded that he had knowledge of real estate prices in the Harrisburg market.

Over the objection of the Department, Mr. Martin testified on direct examination that the fair market value of his taken property was $5,000 and that the damage to the remainder was $19,000. He did not state whether he was familiar with the value of land in that area, although Mr. Martin was asked by his counsel to consider the size, improvements and his familiarity with the land in placing a value on the property.

The jury returned a verdict for defendants Thomas and Sharon Harper in the amount of $17,500, allotting $5,000 as compensation for the property taken and $12,500 for damages to the remainder. In addition, the jury awarded $5,500 to defendants Shirley and Gregory Martin, with $2,500

allotted for compensation for the property taken and $3,000 as damages to the remainder.

■■ We find no Illinois cases which specifically discuss whether a landowner can testify to the fair cash market value of his property in condemnation proceedings. The general rule in this State regarding the admissibility of real estate valuation testimony is "that any witness who is familiar with the property involved in a condemnation proceeding and has knowledge of real-estate values in the vicinity is a competent witness and the extent or amount of his experience goes only to the weight that is given to his testimony." (*Trustees of Schools v. Kirane*, 5 Ill. 2d 64, 69, 124 N.E.2d 886, 889 (1955); *Department of Public Works & Buildings v. Atkins*, 68 Ill. App. 2d 98, 215 N.E.2d 452 (5th Dist. 1966).) Both *Kirane* and *Atkins*, however, dealt exclusively with witnesses other than landowners. *Kirane* further held that the witness must have actual, not hearsay, knowledge of other sales and values. The Department nevertheless argues that the landowners' testimony was inadmissible because there was no foundation evidence showing the parties' knowledge of real estate values in the Harrisburg area. While we agree with the Department that no evidence of Mr. Martin's knowledge of value was introduced, there is ample evidence displaying Mr. Harper's knowledge of such values. In any event, we find in many jurisdictions authority for the proposition that no preliminary showing of a landowner's knowledge of real estate values is necessary before his testimony on this subject is admissible. (*Arkansas State Highway Com. v. McDonald*, 250 Ark. 1011, 468 S.W.2d 231 (1971); *McCaffery v. Northern Pacific Ry. Co.*, 22 N.D. 544, 134 N.W. 749 (1912); *State v. Lopez*, 8 Ariz. App. 61, 442 P.2d 884 (1968).) In *McCaffery*, a case which the Department admits supports defendants' position, the court stated:

> "[A landowner's] qualification to testify does not depend upon presumption, but upon the principle that an owner is, in law, qualified to testify, and his testimony is, because of his relationship as owner, competent and admissible on the question of value of his property. His ownership, regardless of his knowledge, qualifies him to testify." (22 N.D. 544, 546, 134 N.W. 749, 750.)

In *Lopez* the court stated:

> "[I]t is well-established law that an owner of property is always competent to testify as to its value. The State raises the spectre of the possibility that all the owner would have to do in any condemnation case is to come in and testify to some astronomical estimate as to his damages and thereby expand the limits for the jury's speculation beyond any relationship to reasonable costs. The answer to this lies in the availability to the State of the right to cross examination of the owner to expose the methods utilized in

arriving at his figure. Any explanation of how he arrived at that value goes to the weight of his evidence. [Citation.] In this case, the State did not avail itself of its right to cross examine." 8 Ariz. App. 61, 63, 442 P.2d 884, 886.

We note that other jurisdictions, in comparison, have held that ownership does not qualify a person to testify to the value of real estate unless he is familiar with the property values in the area. (*Utah State Road Com. v. Johnson*, 550 P.2d 216 (Utah 1976); *Commonwealth of Kentucky, Department of Highways v. Fister*, 373 S.W.2d 720 (Ky. 1963).) These jurisdictions, in effect, create a two-part test of the owner's competency to testify; (1) a familiarity with the character and extent of his holdings and (2) a knowledge of property values in the area. Generally, the qualifications of the landowner would have to be shown before he could express his opinion of market values. See *Fister*, 373 S.W.2d 720, 722-23.

■■ A resolution of these conflicting cases cited above is difficult but not impossible. In shaping a solution to this problem, we choose an intermediate or compromise position. We neither accept completely the proposition in *Lopez* and *McCaffery* that a landowner is always competent to testify to the value of his property nor the proposition in *Fister* that foundation evidence of knowledge of market values in the area is a prerequisite to admissibility of an owner's testimony. Rather we agree in essence with the position as stated in 5 Nichols, The Law of Eminent Domain §18.4[2] (rev. 3d ed. 1969) that

> "* * * the owner of the land taken is generally held to be qualified to express his opinion of its value merely by virtue of his ownership. He is deemed to have sufficient knowledge of the price paid, the rents or other income received, and the possibilities of the land for use, to have a reasonably good idea of what it is worth. The weight of his testimony is for the jury * * *."

This rule is not absolute. There is qualifying language in *Nichols* that "mere ownership does not render a person competent to render an opinion as to value, unless he is in fact familiar with facts which give the property value." (Nichols §18.4[2].) We interpret this exception to the general rule as being limited to special circumstances where, for example, a person has inherited the property or has no realistic idea of its value. (*Johnson*, 550 P.2d 216, 220 (dissenting opinion).) The burden, we believe, would be on the party objecting to the landowner's testimony to show that it has no probative value and falls within this exception. This can be easily accomplished by utilizing the tool of cross-examination to expose any erroneous basis for valuing the property.

■■■ Applying these principles, the trial court committed no error in admitting the landowners' testimony of fair market value of their respective properties. Mr. Harper testified that he considered the growth

of other businesses and the price of other properties in the area in arriving at a figure. In addition, he testified that he had knowledge of real estate values in Harrisburg. The fact that Mr. Harper did not buy and sell other property or live in the neighborhood would not preclude him from having an understanding of its property values. No one would dispute that many nonresident businessmen have a profound knowledge of market values in adjoining communities especially when their business is located there. The Department having introduced no further evidence on the subject failed to show that Mr. Harper had no knowledge of the facts which give his property value. Likewise, the testimony of Mr. Martin was proper. Although there was little or no evidence of Mr. Martin's knowledge of real estate values in Harrisburg, neither was there any evidence introduced showing any lack of such knowledge. The Department had ample opportunity to cross examine Mr. Martin concerning his familiarity with property values, but neglected to explore the subject. Mr. Martin, therefore, is competent to express his opinion of the value of his property by virtue of his ownership in absence of any evidence that he had no realistic idea of its value.

■■ The trial court properly admitted the testimony of defendants Thomas Harper and Gregory Martin. In eminent domain proceedings in which the evidence is conflicting and the jury views the property and fixes the amount of compensation within that range of evidence, the verdict will not be disturbed unless it is clearly in error or the result of passion or prejudice. (*Lake County Forest Preserve District v. Continental Illinois National Bank & Trust Co.*, 35 Ill. App. 3d 942, 343 N.E.2d 6 (2d Dist. 1976).) The jury returned a verdict within the range of the evidence.

The judgment of the Circuit Court of Saline County is therefore affirmed.

Affirmed.

EBERSPACHER, P. J., and JONES, J., concur.