THE AMERICAN NATIONAL BANK AND TRUST COMPANY, as Trustee, *et al.*, Plaintiffs-Appellants, v. THE CITY OF NORTH CHICAGO *et al.*, Defendants-Appellees.

Second District   No. 2—86—0489

Opinion filed May 22, 1987.

Newton E. Finn, of Waukegan, for appellants.

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, and Jay S. Judge, Ward G. Brown, and Kristine A. Karlin, all of Judge, Kurnik & Knight, of Park Ridge, for appellees.

JUSTICE HOPF delivered the opinion of the court:

This appeal evolved from a suit to recover damages caused by the alleged negligence of the defendants in demolishing a building and damaging personal property belonging to plaintiff. A jury found in favor of defendants. The sole issue raised by plaintiff is whether the owner of the building was competent to testify as to the building's value.

The subject building was owned in trust by plaintiff, Kenneth Menning. Menning was a general contractor engaged in home improvement and remodeling. Prior to trial he had remodeled approximately 300 buildings, and, shortly before it was demolished he had taken steps toward rehabilitating and remodeling the building relevant to this lawsuit. Menning sued for damages for loss of the building as well as for personal property which was allegedly in the building at the time of demolition.

At trial the court barred Menning's opinion testimony regarding the value of the building prior to demolition. No other evidence of the building's value was admitted. At the close of plaintiff's case, defendants moved for a directed verdict. The court found that plaintiff had made no showing as to damages to the building and granted defendants' motion as to the issue of negligent demolition of the real property.

The trial continued on the issue of negligent damage to plaintiff's personal property. The jury rendered a verdict in favor of defendants.

Plaintiff's post-trial motion for a new trial was denied, and this appeal followed.

Menning's only contention on appeal is that the trial court erred when it refused to admit his testimony as to the value of his building just prior to demolition. The lower court barred the testimony on grounds that plaintiff could not establish an adequate foundation for his opinion. The court reasoned that real estate valuation requires expertise, Menning did not have such expertise, and therefore his testimony would not be competent on the question of value. We find that, as a matter of law, the witness should have been allowed to testify.

The question of the competence of an owner to testify as to the value of his real estate was thoroughly examined in *Department of Transportation v. Harper* (1978), 64 Ill. App. 3d 732, 381 N.E.2d 843, in the context of a condemnation proceeding. In *Harper*, two landowners were allowed to testify as to the value of the land in controversy over objections made by plaintiff on the basis of insufficient foundation evidence. On cross-examination one owner admitted that he did not live in the community and that he had not bought or sold any other property in the community. He explained on redirect that he had determined the value of his property by considering what he had paid for it, the amount of money and time required to erect a building on the property, the price of other properties in the area, and the growth of other businesses. He concluded that he had knowledge of real estate prices in the local market. While the second owner did not indicate whether he was familiar with land values in the area, he was asked by his counsel to consider the size and improvements of his parcel and his familiarity with the land before placing a value on his property. Plaintiff appealed from the jury's verdict on the issue of whether the owners' testimony had been properly admitted.

■ The *Harper* court recognized that the general rule in Illinois is that any witness who is familiar with the property and has knowledge of real estate values in the area is a competent witness and that the extent of his experience goes to the weight of his testimony. (*Trustees of Schools v. Kirane* (1955), 5 Ill. 2d 64, 69, 124 N.E.2d 886.) The court noted, however, that the rule had only been applied to witnesses other than landowners. Failing to find any Illinois cases dealing with the specific issue of the qualification of a landowner to testify regarding the value of his own property, the court turned to cases from other jurisdictions and found two different approaches to the question.

The first approach examined in *Harper* requires no preliminary showing of a landowner's knowledge of real estate values before his valuation testimony is admissible. Rather, in this line of cases, an

owner, merely because of his relationship as owner and regardless of his knowledge, is qualified to testify. He is then subject to cross-examination. His explanation of how he arrived at his valuation figure goes to the weight of his testimony. *Department of Transportation v. Harper* (1978), 64 Ill. App. 3d 732, 734-35, 381 N.E.2d 843, citing *McCaffery v. Northern Pacific Ry. Co.* (1912), 22 N.D. 544, 134 N.W. 749; *State v. Lopez* (1968), 8 Ariz. App. 61, 442 P.2d 884.

The second approach reviewed by the *Harper* court holds that ownership does not qualify a person to testify to the value of real estate unless he is familiar with both his own property and property values in the area. Generally, the property owner's qualifications must be shown before he can give his opinion as to market values. *Department of Transportation v. Harper* (1978), 64 Ill. App. 3d 732, 735, 381 N.E.2d 843, citing *Utah State Road Com. v. Johnson* (Utah 1976), 550 P.2d 216; *Commonwealth of Kentucky, Department of Highways v. Fister* (Ky. 1963), 373 S.W.2d 720.

The *Harper* court adopted what it considered an intermediate or compromise position between the conflicting views expressed in the foreign jurisdiction cases. As a general rule, according to the court, the owner is qualified to express his opinion of the value of his property merely by virtue of his ownership. The court reasoned that ownership usually indicates, at the very least, knowledge of the price paid for the property, income received from it, and its potential uses. Thus, an owner will likely have a reasonably good idea of what his property is worth. The court created an exception to the rule, however, for special circumstances where it is affirmatively shown that ownership does not intimate that the owner has knowledge of even basic information about the property. As an example of a special circumstance, the court cited an owner who has inherited the property. The burden of showing a special circumstance was seen by the court as falling upon the party objecting to the testimony. The special circumstance, and thus the absence of probative value, could be revealed through cross-examination.

Applying the principles it had adopted, the *Harper* court found no error in admission of the owners' testimony. It was noted that one owner had been adequately qualified since the evidence showed he had knowledge of real estate values in the area. That he did not live or buy and sell property there did not preclude him from knowing about local property values. The second owner's testimony was also found to be proper despite the lack of evidence that he was knowledgeable about real estate values in the community. The court focused instead on the plaintiff's failure to cross-examine the owners on their knowledge of such values and concluded that no evidence had been offered to show

that the owners lacked the requisite knowledge. Absent such evidence, the owners' testimony was competent to go to the jury.

Initially, we recognize that the rule set forth in *Harper* was developed in the context of a condemnation proceeding, while the issue comes before us in a negligence setting. However, the *Harper* rule has been applied in a property distribution dispute following a judgment for dissolution of marriage (*In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 412 N.E.2d 1336) and was recognized in *Klimek v. Hitch* (1984), 124 Ill. App. 3d 997, 464 N.E.2d 1272, an action seeking damages for trespass. We see no reason why the rule should not be extended to this negligence action.

■■ Application of the *Harper* rule to the facts of the instant case makes it evident that Menning's testimony should have been admitted. He was the owner of the subject real property, and ownership, under *Harper*, was sufficient qualification for admission of his valuation testimony. Defendants could then have challenged the probative value of that testimony through cross-examination.

The conclusion we reach here is particularly compelling because of Menning's testimony about his background. Before he purchased the building that was demolished, he had lived in it as a tenant. Menning was self-employed in the business of remodeling and home improvement and had worked on approximately 300 projects. This work would, at the very least, have kept him in touch with the dwellings, and costs of repairing and replacing such dwellings, in his area. Finally, Menning owned four other real properties. While three of those properties were not in North Chicago proper, they were in the general geographic area. It is not clear whether the fourth property was in North Chicago. We think it is apparent under *Harper* that this evidence was more than adequate to have rendered Menning's valuation testimony admissible.

The trial court's failure to allow Menning to testify must be considered reversible error. No other evidence regarding the value of Menning's property was admitted. Accordingly, the court granted the motion for a directed verdict on grounds that plaintiff had not proved damages. The improperly barred testimony, however, went specifically to damages. Thus, barring his valuation testimony proved fatally prejudicial to plaintiff.

■■ ■ The final matter we note is defendants' position that the directed verdict disposed only of the issue of damages to the real property and that the question of liability for negligence in regard to *both* the real property and the personal property went to the jury. This position cannot be supported as a matter of law.

Menning's complaint stated a two-pronged cause of action for negligence: negligence in regard to real property and negligence in regard to personal property. The elements of a negligence cause of action are a duty owed by defendant to plaintiff, a breach of that duty by defendant, and some compensable injury to plaintiff proximately caused by defendant's breach. (*Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 259, 433 N.E.2d 1350.) To maintain his action it was necessary for plaintiff to make out a *prima facie* case, *i.e.*, to present at least some evidence on each of these elements, relative to both the real and the personal property. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154, 407 N.E.2d 43.) At trial, during plaintiff's case, no evidence was admitted on the issue of damages to the real property. Absent proof on an essential element of negligence, defendants were entitled to a favorable judgment on the real property issue as a matter of law. (81 Ill. 2d 151, 154-55, 407 N.E.2d 43; *Glover v. City of Chicago* (1982), 106 Ill. App. 3d 1066, 1071, 436 N.E.2d 623.) Moreover, the judgment to which they were entitled encompassed liability as well as damages. Damages could not be severed from the liability issue during plaintiff's case because damages are an integral part of a *prima facie* case of negligence. In other words, without an injury there can be no negligence. If all that was disputed was the *amount* of damages, the question might have been treated separately. But here, plaintiff was not able to prove up the existence of damages. Thus, the directed verdict necessarily disposed of both liability and damages issues pertinent to negligent demolition of plaintiff's real property.

The trial court recognized plaintiff's failure to establish its case for negligence relative to the real property when it explained to the jury that, because of the directed verdict, the real estate portion of the case was no longer before them. The court remarked: "I am simply saying that legally, as to that part of the case, there has been no competent evidence of negligence, and therefore, it's no longer available for your consideration."

In accordance with the reasoning set forth above, the judgment of the circuit court of Lake County is reversed, and this matter is remanded for a new trial on the issue of negligent demolition of plaintiff's real property.

Reversed and remanded.

UNVERZAGT and REINHARD, JJ., concur.